■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DIAZ, Appellant.—Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered January 24, 1989, which convicted defendant, upon his plea of guilty, of manslaughter in the first degree and arson in the second degree and sentenced him to two concurrent 6-to-12-year prison terms, to run concurrently with sentences under two other charges in Bronx and Kings Counties, unanimously affirmed.

Defendant's conviction arises after a written plea agreement with the District Attorneys of three separate counties as to

the disposition of these charges, and charges pending in the other two counties, in exchange for defendant's cooperation with the investigation of various other pending cases.

Defendant contends that the Assistant District Attorneys who participated in this agreement made an off-the-record promise that he would receive only a 4½-to-9-year minimum sentence and he seeks "specific performance" of this alleged promise. However, the record belies defendant's assertions. This highly negotiated plea agreement was reduced to a formal writing, and the writing makes no mention of any promise of such a sentence. The writing clearly states that defendant acknowledges that the maximum sentence he could receive on these pleas is 12½ to 25 years and that the District Attorneys of the three counties will recommend that defendant be sentenced to concurrent terms in each jurisdiction, and will disclose to all courts the full extent of defendant's cooperation. The agreement was notably silent as to the length of the sentences that would be recommended.

In addition to this written agreement, the record also includes proceedings before the Trial Judge on defendant's motion before that court to enforce this alleged promise, which include a full exploration of defendant's claim, including statements from each of his two attorneys which make no mention of any promise of a 4½-to-9-year sentence.

It would bear no useful purpose to reiterate the beneficial nature and laudable purpose of the plea negotiation process and the need for finality in such dispositions. (E.g., *People v Frederick*, 45 NY2d 520; *People v Selikoff*, 35 NY2d 227.) Here, where the heavily negotiated written agreement contains no specific promise as to sentence, and where defendant was afforded an opportunity to substantiate his contentions in his motion before the trial court and failed to do so, there is no basis to· reduce defendant's sentence to 4½ to 9 years. The court must rely on the record to ascertain whether any promises were made *(People v Frederick, supra)* and since the record here so clearly shows that there was no promise of a 4½-to-9-year sentence, defendant's conviction, which comports with the express terms of the agreement, is affirmed. Concur— Carro, J. P., Milonas, Asch, Ellerin and Rubin, JJ.