■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONRADO PONS, Appellant. [654 NYS2d 634] —Appeal by the de-

fendant, by permission, from an order of the Supreme Court, Kings County (Egitto, J.), dated November 15, 1995, which denied without a hearing his motion pursuant to CPL article 440 to vacate a judgment dated January 7, 1987, convicting him of murder in the second degree (four counts), arson in the second degree, and reckless endangerment in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the order is reversed, on the law, and that the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith.

In 1988 the defendant was convicted of, *inter alia,* murder and arson arising from the burning of a rival betting parlor in Brooklyn (*see, People v Pons,* 159 AD2d 471). The People's main witness at trial, and the only witness to directly connect the defendant to the fire, was William Diaz. Diaz testified pursuant to a cooperation agreement with the offices of the District Attorneys for the Bronx, Manhattan, and Brooklyn. In exchange for his testimony, Diaz was promised a maximum sentence on charges pending against him in each county of no more than $12^1/2$ to 25 years imprisonment. The cooperation agreement did not set forth the sentence the prosecutors would actually request. At the defendant's trial, Diaz testified that he had not been made any promises concerning sentence other than what was set forth in the agreement. Diaz was eventually sentenced to concurrent terms of 6 to 12 years imprisonment on all charges covered by the cooperation agreement. During each sentencing, and in direct contradiction to his testimony at the defendant's trial, Diaz protested that, although not set forth in the cooperation agreement, he had actually been promised sentences of $4^1/2$ to 9 years imprisonment. In support of these assertions Diaz obtained the affidavit of his attorney at the time he entered into the cooperation agreement. The attorney averred that at the time of the cooperation agreement, Diaz had, in fact, been made promises concerning his sentence that were not reflected in the agreement. Based on these allegations the defendant herein moved to set aside his conviction pursuant to CPL article 440, claiming that he had been deprived of a fair trial because the People failed to disclose the full extent of the bargain they had struck with Diaz. The court denied the defendant's motion without a hearing, and he appeals. We now reverse and remit for a hearing on the motion.

In support of his motion, the defendant submitted the affirmation of his former attorney which stated that promises made by the prosecution to Diaz concerning sentencing were not set forth in the cooperation agreement. These sworn allegations

by the attorney as an officer of the court are troubling as they are at odds with the express disavowal of any additional promises in the agreement signed by the attorney and the prosecutors, and are contrary to Diaz's testimony at the defendant's trial. We take no position on the defendant's claims other than to rule that a hearing is warranted.

Contrary to the People's assertions on appeal, the evidence against the defendant at trial was not overwhelming. Thus, the alleged error cannot be deemed harmless (see, People v Steadman, 82 NY2d 1).

Finally, to the extent that any of the issues raised herein may have been raised and determined by the First Department in People v Diaz (164 AD2d 799), that decision would not be binding in this proceeding, as the defendant herein was not a party to those proceedings (see, D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659; Richard L. v Armon, 144 AD2d 1). Rosenblatt, J. P., Joy, Florio and McGinity, JJ., concur.