■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA LITTLES, Appellant. [743 NYS2d 290] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered April 14, 2000, convicting him of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the terms of the cooperation agreement between the People and Gykee Milliner, and what promises, if any, were made to him, and the appeal is

held in abeyance in the interim. The Supreme Court shall issue its report with all deliberate speed.

At the defendant's trial, Gykee Milliner, who was under indictment for unrelated charges, testified on behalf of the People pursuant to a cooperation agreement which provided that his testimony would not be used against him. During the course of the trial, Milliner recanted his testimony, claiming that the prosecutor made undisclosed promises to him and directed him to lie. Milliner made these allegations in a letter to defense counsel which Milliner acknowledged on cross-examination.

The prosecutor initially consented to a hearing regarding these allegations. Thereafter, a senior prosecutor objected to a hearing, inter alia, on the grounds that Milliner's allegations were "absurd," and that a hearing would delay the trial. At the close of the evidence, the court denied the application for a hearing.

If the cooperation agreement between Milliner and the People did in fact contain provisions which were not disclosed to the court and the jury, such nondisclosure would require reversal (*see People v Novoa,* 70 NY2d 490, 496-498). The allegations of undisclosed promises thus warranted a hearing (*see People v Pons,* 236 AD2d 562, 563-564).

Accordingly, the matter is remitted to the Supreme Court, Queens County, to hear and report on the terms of the cooperation agreement between the People and Gykee Milliner, and what promises, if any, were made to him, and the appeal is held in abeyance in the interim. The Supreme Court shall issue its report with all deliberate speed.

In light of this determination, we do not reach the defendant's remaining contentions at this time. Santucci, J.P., S. Miller, Krausman and Goldstein, JJ., concur.