■ The People of the State of New York, Respondent, v Akeem M. Simmons, Also Known as Akeem M. Simmon, Also Known as Akeem Simmons, Appellant. [61 NYS3d 430]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered September 15, 2014. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree and conspiracy in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of burglary in the first degree (Penal Law § 140.30) and conspiracy in the fourth degree (§ 105.10), defendant contends that County Court should have held a hearing to determine whether there was an undisclosed plea agreement between the prosecutor and defendant's accomplice, who testified at defendant's trial. We reject that contention. At the start of the trial, the prosecutor stated on the record that "nothing has been offered [to the accomplice in return for his testimony]. There is no agreement. There's no promise." The accomplice later testified under oath that there was no agreement. Following the verdict but before sentencing, the accomplice pleaded guilty to a reduced charge. Alleging that the accomplice's plea was evidence of an undisclosed plea agreement, defense counsel sought an adjournment of sentencing to address that alleged *Brady* violation. Defense counsel acknowledged, however, that his claim of an undisclosed cooperation agreement was based solely on conjecture. The court denied the request for an adjournment, noting that defendant could later file a motion pursuant to CPL article 440 if he obtained any evidence to support his theory of an undisclosed cooperation agreement.

If a cooperation agreement exists between the People and a prosecution witness and the provisions of that agreement are not disclosed to the court and jury, "such nondisclosure would require reversal" (*People v Littles*, 295 AD2d 369, 370 [2002]; *see generally People v Novoa*, 70 NY2d 490, 496-498 [1987]). Here, however, there is "no basis in the record upon which to find that there were any undisclosed agreements" (*People v Delgado*, 280 AD2d 431, 431 [2001]; *cf. Littles*, 295 AD2d at 370; *People v Pons*, 236 AD2d 562, 563-564 [1997]). Defendant's contention is thus "based entirely on speculation and unwarranted assumptions" (*Delgado*, 280 AD2d at 431).

We reject defendant's further contentions that the conviction is not supported by legally sufficient evidence and that the verdict is contrary to the weight of the evidence. The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to sup-

port the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Finally, considering defendant's criminal record, which includes two prior burglary convictions, we conclude that the sentence is not unduly harsh or severe. Present—Whalen, P.J., Peradotto, Lindley, NeMoyer and Curran, JJ.