■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE LUKE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court erred in denying his motion to sever the counts arising from the September 20, 1983 murder of Su Moung Kim in Tonawanda, New York, from the counts involving the March 13, 1984 shooting of Robert D'Arata in Kenmore, New York. CPL 200.20 (2) (b) provides that two offenses, though based on different criminal transactions, may be joined in the same indictment when "such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first". Further, the trial court has no discretion to sever counts which have been properly joined pursuant to CPL 200.20 (2) (b) (see, People v Bongarzone, 69 NY2d 892, 895). Here, the trial court properly denied defendant's severance motion because proof of the robbery was admissible on the murder charges pursuant to the modus operandi exception to the Molineux rule (see, People v Molineux, 168 NY 264, 293). The modus operandi exception permits the admission of proof of other crimes as evidence-in-chief on the crimes charged, where the alleged conduct was sufficiently unique to be probative on the issue of identity (see, People v Beam, 57 NY2d 241, 252; People v Andrews, 109 AD2d 939, 942). Here, the modus operandi in each of the attacks was so unique as to make the evidence of each attack admissible as evidence-in-chief of the other. In this regard, the same weapon, to wit, an Erma Excam pistol, was used in each attack. Further, when the incidents occurred, defendant was the only person who had access to this weapon. Additionally, both attacks occurred in the same general geographic area and involved a midday robbery of a small store and an unprovoked shooting of the owner. Given the circumstances of this case, the proof of the

robbery was probative on the contested issue of the identity of the perpetrator of the murder *(see, People v Christopher,* 65 NY2d 417, 426-427, *rearg denied* 65 NY2d 1054; *People v Beam, supra; People v Ferringer,* 120 AD2d 101, 108-111; *People v Andrews, supra; cf., People v Condon,* 26 NY2d 139, 144).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Erie County Court, Forma, J.—murder, second degree, and other charges.) Present—Callahan, J. P., Boomer, Pine, Lawton and Davis, JJ.