*662 OPINION OF THE COURT
Hancock, Jr., J.
In this action under Insurance Law § 3420 (b) (1), plaintiff, a shooting victim,[1] is seeking to recover from the insurer of the assailant the amount of a default judgment obtained against the assailant who had been convicted of first degree assault for the incident resulting in plaintiff’s injuries. Plaintiff, the complaining witness, testified for the prosecution in the criminal case. The insurance policy expressly excludes recovery for bodily injury "expected or intended by the Insured”. The issue in plaintiff’s appeal is whether the insurer may use the insured’s criminal judgment of conviction as a collateral bar to plaintiff’s attempt in this case to relitigate the issue of his assailant’s intent to injure. For the reasons discussed below, we agree with the Appellate Division that plaintiff should be collaterally estopped and that this action, therefore, was properly dismissed.
I
On March 13, 1984, plaintiff Robert D’Arata, a shopkeeper, was shot by Wayne Luke. Thereafter, Luke was charged in a multicount indictment involving several store robbery-related offenses. Of relevance here is count 16 which charged Luke *663 with the first degree assault[2] in that Luke "with intent to cause serious physical injury to another person, caused such injury to Robert D’Arata, by shooting him with a deadly weapon, to wit: a handgun.” Luke was convicted after a jury trial during which plaintiff testified for the People. The conviction for first degree assault was affirmed on appeal (People v Luke, 155 AD2d 890, lv denied 75 NY2d 870).
In March 1985 plaintiff brought an action against Luke, Luke’s parents and Luke’s sister. He alleged that his injuries resulted from "the negligent, careless, reckless, willful, and unlawful conduct on the part of the Defendant, Wayne Luke.” Plaintiffs claims against Luke’s relatives were grounded on their negligent entrustment of a handgun to Luke who, defendants knew or should have known, had dangerous propensities.
During the relevant time period, defendant New York Central Mutual Fire Insurance Company insured Luke’s parents under a homeowner’s policy which, because Luke resided with his parents, also covered Luke as an insured.[3] Defendant, however, sent a letter to Luke’s parents and to Luke’s criminal attorney informing Luke that it refused to defend or indemnify Luke on the ground that the policy expressly excluded liability coverage for bodily injury "which is expected or intended by the Insured”.
On May 13, 1986, after Luke’s failure to answer or otherwise appear, plaintiff was granted a default judgment against Luke, for $325,000.[4] Plaintiff brought this action pursuant to Insurance Law § 3420 (b) (1) to compel defendant to pay the judgment on behalf of Luke up to the limit of the policy. Defendant raised as an affirmative defense that plaintiff should be collaterally estopped from relitigating the issue of the insured’s intent to inflict bodily injury. Supreme Court, Erie County, denied defendant’s motion to dismiss based on this collateral estoppel defense. The Appellate Division reversed, granted defendant’s motion, and dismissed the complaint. We granted leave and now affirm.
*664 II
Collateral estoppel, an equitable doctrine, is based upon the general notion that a party, or one in privity with a party, should not be permitted to relitigate an issue decided against it (see, Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 485; see also, Kaufman v Lilly & Co., 65 NY2d 449, 455). As this doctrine has evolved, only two requirements must be satisfied. First, the party seeking the benefit of collateral estoppel must prove that the identical issue was necessarily decided in the prior action and is decisive in the present action (see, Kaufman v Lilly & Co., supra, at 455). Second, the party to be precluded from relitigating an issue must have had a full and fair opportunity to contest the prior determination. The burden is on the party attempting to defeat the application of collateral estoppel to establish the absence of a full and fair opportunity to litigate (see, id., at 455-456). Collateral estoppel, we have held, is grounded on concepts of fairness and should not be rigidly or mechanically applied (see, Matter of Halyalkar v Board of Regents, 72 NY2d 261, 268-269). We note that this Court has recognized that, in appropriate situations, an issue decided in a criminal proceeding may be given preclusive effect in a subsequent civil action (see, Vavolizza v Krieger, 33 NY2d 351; S. T. Grand, Inc. v City of New York, 32 NY2d 300; Brennan v Mead, 81 AD2d 821, affd 54 NY2d 811).
In determining whether collateral estoppel should be applied so as to bar plaintiff from litigating the issue of Luke’s intent in this action against Luke’s insurer, the initial question is whether plaintiff, a nonparty to the prior criminal proceeding, should, nevertheless, be bound by the adverse determination on intent in that proceeding. In other words, can plaintiff be said to be in legal privity with Luke? Privity, it has been observed, is an amorphous concept not easy of application (see, Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 485, 486, supra). Generally, a nonparty to a prior litigation may be collaterally estopped by a determination in that litigation by having a relationship with a party to the prior litigation such that his own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or derivative of, the rights of the party to the prior litigation (see generally, Green v Santa Fe Indus., 70 NY2d 244j 253; Restatement [Second] of Judgments, Introductory Note, ch 4, at 344).
*665 Here, we have no difficulty in concluding that plaintiff, in suing defendant on the judgment he has recovered against Luke, is in privity with Luke for the purpose of the application of collateral estoppel (see, Restatement [Second] of Judgments, Introductory Note, ch 4, at 344). Under Insurance Law § 3420 (b) (1) plaintiff is permitted to maintain a direct action against the insurer on the policy.[5] In doing so, plaintiff "stands in the shoes” of the insured and can have no greater rights than the insured (see, Spadaro v Newark Ins. Co., 21 AD2d 226, 230-231, affd without opn 15 NY2d 1000; Sperling v Great Am. Indem. Co., 7 NY2d 442; Wenig v Glens Falls Indem. Co., 294 NY 195). Plaintiff, by proceeding directly against defendant, does so as subrogee of the insured’s rights and is subject to whatever rules of estoppel would apply to the insured (see, Restatement [Second] of Judgments § 57, comment g, at 84-85; id., § 85 [2] [b], at 294-295, and comment f, at 299-300; accord, State Farm Fire & Cas. Co. v Reuter, 299 Ore 155, 700 P2d 236, 239-244 [1985]; Aetna Life & Cas. Ins. Co. v Johnson, 207 Mont 409, 673 P2d 1277, 1281 [1984]). Thus, the inevitable consequence of plaintiff’s election to proceed against defendant under Insurance Law § 3420 (b) (1) is that he is in legal privity with the claimed insured for the purpose of collateral estoppel analysis.[6]
We turn to the question of whether the two basic requirements for invoking collateral estoppel have been satisfied: (1) that the identical issue was necessarily decided in the *666 prior proceeding and is decisive of the present action, and (2) that there was a full and fair opportunity to contest that issue in the prior proceeding (see, Matter of Halyalkar v Board of Regents, supra, at 266; Schwartz v Public Adm’r of County of Bronx, 24 NY2d 65, 71, 73). Here, there can be little question that the "full and fair opportunity” requirement is satisfied. Indeed, plaintiff virtually concedes the point. Plaintiff, we have held, was in privity with Luke and the critical question is whether Luke had a full and fair opportunity to litigate all of the issues in the criminal proceeding including the question of his intention to injure plaintiff. Luke, of course, not only had a full and fair opportunity to defend himself against the assault charge but actually did so in a jury trial which resulted in a verdict in which all of the elements of the crime, including intent, were necessarily proven against him.
The closer question is whether defendant has proven the requisite identity of the issue between this case and the prior criminal proceeding. First, of course — reflecting the doctrine’s underlying purpose of preventing repetitious litigation of disputes which are essentially the same — there must be an identity between the particular matter in the second action and that presented in the first (see, Restatement [Second] of Judgments § 27, comment c). And it must be shown that this identical issue was necessarily decided in the first proceeding and is conclusive in the subsequent action (id., §27). Here, these two requirements are satisfied. A central issue in the criminal proceeding was whether Luke caused injury to plaintiff with "intent to cause serious physical injury to another person” (Penal Law § 120.10 [1]). To find Luke guilty of assault, first degree, the jury would necessarily have to have been satisfied that Luke acted intentionally — i.e., that his conscious objective was to cause serious physical injury to plaintiff (see, Penal Law § 15.05 [1]). Thus, the jury’s finding on intention was essential to the determination in the prior proceeding. The question in the subsequent action on Luke’s parents’ insurance policy is whether the injury for which plaintiff seeks compensation was "expected or intended by” Luke. The intent to cause serious physical injury found by the jury in the criminal action would certainly be sufficient to establish the requisite element of intent in the action on the insurance policy so as to make the policy exclusion effective and thereby determine plaintiff’s action in defendant’s favor.
But there is a further requirement for establishing issue identity — i.e., that the issue have been "actually litigated” in *667 the first proceeding (see, Kaufman v Lilly & Co., 65 NY2d 449, 456-457, supra [citing Restatement (Second) of Judgments §27]). Generally, for "a question to have been actually litigated” so as to satisfy the identity requirement, it "must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding.” (Matter of Halyalkar v Board of Regents, 72 NY2d 261, 268, supra; see, Restatement [Second] of Judgments § 27, comments d, e.)
Here, of course, in the criminal proceeding the People bore the burden of proving Luke’s intent to injure plaintiff (see, Penal Law § 120.10 [1]). The issue of intent was necessarily submitted to the jury in the court’s charge as a factual question on an essential element of the crime (see, S. T. Grand, Inc. v City of New York, 32 NY2d 300, 304, supra). The verdict of guilty represents a conclusive finding that Luke’s intention to injure plaintiff was established beyond a reasonable doubt and, under general rules, would be binding in the later action.
Plaintiff argues, nevertheless, that the issue of Luke’s intent was never contested and that, therefore, he should not be bound by the jury finding on that question. He points out that Luke’s defenses at the trial on the assault charge were mistaken identification and alibi and that Luke "simply defaulted as to that portion of the indictment that alleged that the act was intentional.” (Appellants’ brief, at 11.) In rejecting this argument, we stress that Luke was convicted of a serious felony charge in a completed jury trial. The jury perforce had to have been satisfied that the prosecution had met its burden of proving Luke’s intent beyond a reasonable doubt. Moreover, the guilty verdict can only mean that the jury rejected Luke’s defenses of mistaken identity and alibi and accepted the evidence, including plaintiff’s testimony, to the effect that the shooting was intentional. Thus, cases where courts have declined to give collateral estoppel effect to a prior finding based on a guilty plea (see, e.g., Aid Ins. Co. v Chrest, 336 NW2d 437 [Iowa 1983]; Garden State Fire & Cas. Co. v Keefe, 172 NJ Super 53, 410 A2d 718 [1980]; cf, Vavolizza v Krieger, 33 NY2d 351, 356, supra), or on a compromise (see, e.g., Matter of Halyalkar v Board of Regents, 72 NY2d 261, supra), or where the determination sought to be given preclusive effect was never put in issue in the prior action (see, e.g., Kaufman v Lilly & Co., 65 NY2d 449, 456, supra) are not persuasive authority (see generally, Thau, Collateral Estoppel and the Reliability of Criminal Determinations: Theoretical, Practical, *668 and Strategic Implications for Criminal Civil Litigation, 70 Geo LJ 1079, 1094-1095, 1101-1112 [1982]).
Finally, plaintiff — noting that the collateral estoppel doctrine reflects general concepts of fairness — argues that he should have his day in court to establish that Luke’s actions in shooting him were unintentional. Plaintiff’s appeal to fairness necessarily presupposes a contention that the jury’s finding in the criminal trial was wrong. We find plaintiff’s argument to be unconvincing. In the criminal trial, Luke’s conviction for intentional assault — a class C felony for which the maximum sentence is 15 years — was based, at least in part, on plaintiff’s own testimony (compare, Gilberg v Barbieri, 53 NY2d 285 [involving conviction of a petty offense in City Court]). The judgment of conviction was affirmed unanimously on appeal (see, People v Luke, 155 AD2d 890, supra) and his request for leave to appeal to this Court was denied (75 NY2d 870, supra). Luke now stands convicted of first degree assault at the conclusion of a criminal justice process in which he has been accorded all of his legal and constitutional rights. It does not seem unfair to apply collateral estoppel against plaintiff in these circumstances. Indeed, it would be anomalous to permit plaintiff now to relitigate an issue which the jury has already determined under a higher standard of proof in the criminal case in which plaintiff, himself, gave evidence supporting the jury’s finding.
Thus, "based on general notions of fairness involving a practical inquiry into the realities of the litigation” (see, Matter of Halyalkar v Board of Regents, supra, at 268) we conclude that preclusive effect should be given to the jury’s finding that Luke shot plaintiff with intent to cause serious physical injury (Penal Law § 120.10 [1]). This result, we note, furthers the policies underlying the doctrine of collateral estoppel of avoiding relitigation on a decided issue and the possibility of an incongruous result (see, Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 485, supra; see generally, Blonder-Tongue v University Found., 402 US 313, 349; Thau, op. cit., 70 Geo U, at 1099-1104) and is consistent with analogous cases in other jurisdictions (see, Safeco Ins. Co. v Yon, 796 P2d 1040 [Idaho Ct of App 1990]; New Jersey Mfrs. Ins. Co. v Brower, 161 NJ Super 293, 391 A2d 923; Aetna Life & Cas. Ins. Co. v Johnson, 207 Mont 409, 673 P2d 1277, supra; cf., Kichefski v American Family Mut. Ins. Co., 132 Wis 2d 74, 390 NW2d 76 [1986] [victim’s testimony in civil complaint consistent with testimony at criminal trial]; contra, Clemmer v *669 Hartford Ins. Co., 22 Cal 3d 865, 587 P2d 1098, 1102-1104 [1978]).
The order of the Appellate Division, dismissing the complaint, should, therefore, be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
Order affirmed, with costs.

. Plaintiff Robert D’Arata is the party who was shot. The claims of plaintiff Karen D’Arata, Robert’s wife, are derivative. Hereinafter, where necessary, plaintiffs will collectively be referred to as plaintiff.

. Penal Law § 120.10 (1) states that a person is guilty of assault in the first degree when "[w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument.”

. Defendant agreed to defend and indemnify Luke’s parents. These claims are not at issue here.

. $300,000 on Robert D’Arata’s main claim and $25,000 on Susan D’Arata’s derivative claim.

. Insurance Law § 3420 provides: "(b) * * * an action may be maintained by the following persons against the insurer upon any policy or contract of liability insurance * * * to recover the amount of a judgment against the insured * * *: (1) any person who * * * has obtained a judgment against the insured * * * for damages for injury sustained or loss or damage occasioned during the life of the policy or contract”.

. Plaintiff’s reliance on Utica Mut. Ins. Co. v Cherry (45 AD2d 350, affd 38 NY2d 735) for the notion that he is not in privity with Luke is misplaced. In affirming the Appellate Division, this Court held only that the insurer owed a duty to defend against a civil complaint which contained a negligence claim, reasoning that the duty to defend is "broader than [the] duty to pay” (see, id., at 737). Notably, this Court did not adopt the Appellate Division’s reasoning that collateral estoppel could not be invoked in any event because neither the "administratrix [n]or the estate * * * was represented in the prior criminal action.” (45 AD2d, at 354.) As the Appellate Division below properly noted, even if it can be said that defendant breached its duty to its insured to defend in plaintiff’s action which was based, in part, on negligence, no duty to indemnify exists where the loss is not covered by the policy (see, Servidone Constr. Corp. v Security Ins. Co., 64 NY2d 419, 423).