◼ In the Matter of ALBINO J. LOFFREDO et al., Petitioners, v ALEXANDER F. TREADWELL, as Secretary of State of the State of New York, et al., Respondents. [653 NYS2d 33] —Proceeding pursuant to CPLR article 78 to review a determination of the Sec-

retary of State,· dated September 29, 1995, which, after a hearing, revoked the real estate broker licenses of the petitioners Albino J. Loffredo and Century 21 Bigman Real Estate Services, Inc., and suspended the real estate broker license of the petitioner Robert J. Zaher.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The Secretary of State determined, *inter alia,* that the petitioners Albino J. Loffredo and Century 21 Bigman Real Estate Services, Inc., demonstrated untrustworthiness and incompetence, and that the petitioner Robert J. Zaher demonstrated untrustworthiness, by inducing potential sellers to sign commission agreements by misleading or threatening them with wholly unmeritorious lawsuits. We find that the determination was supported by substantial evidence *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222).

Where a broker is "guilty of fraud or fraudulent practices * * * or has demonstrated untrustworthiness or incompetency to act as a real estate broker or salesman", the Secretary of State may revoke·or suspend the license of that broker or salesman (Real Property Law § 441-c [1]). Accordingly, the Secretary of State's determination to suspend the license of the petitioner Robert J. Zaher and to revoke the licenses of the petitioners Albino J. Loffredo and Century 21 Bigman Real Estate Services, Inc., was legally proper. Furthermore, the penalty was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ., supra).*

The petitioners' remaining contention is without merit *(see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659). Miller, J. P., Joy, Altman and Goldstein, JJ., concur.