Robert L. **CHARTIER,** as President of the Service Employees International Union, Local 32E, AFL–CIO, Plaintiff,

v.

**3205 GRAND CONCOURSE CORP.,** Marlin Mgmt., LLC a/k/a Marlin Management of N.Y. LLC, and Martin Shapiro Defendants.

No. 98 Civ. 3305(LAK).

United States District Court, S.D. New York.

Nov. 24, 1998.

---

Christopher Smith, for Plaintiff.

Jeffrey S. Dubin, Garden City, NY, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff moved to confirm an arbitration award which ordered the reinstatement of Marco A. Cardona and directed the employer to pay in excess of $5,000 to the union and the welfare funds. Defendants Marlin and Shapiro counterclaimed against the plaintiff for an alleged unfair trade practice and other grievances. The parties ultimately stipulated that the Court would try the case non-jury on a record consisting of the submissions on the motions and that it would resolve any disputed factual matters and draw any inferences from the materials submitted as if the action had been tried in open court.

### Facts

Service Employees International Union, Local 32E, AFL–CIO (the "Union") and 3205 Grand Concourse Corp. ("GCC"), which owned an apartment building at 3205 Grand Concourse in the Bronx, were parties to a collective bargaining agreement ("CBA") covering the period March 15, 1995 to March 14, 1998. GCC employed one Marco A. Cardona as superintendent on the premises and pro-

vided him with an apartment there rent- and utility-free.

On June 18, 1997, GCC sold the building to Marlin Management of NY, LLC ("Marlin"), an entirely unrelated entity, pursuant to a contract of sale dated May 9, 1997. The contract of sale, although not the deed, provided that the property was sold subject to Cardona's employment.

Following the sale of the building, the Union made a number of efforts to discuss with Marlin its possible assumption of the CBA. Marlin, however, rebuffed all of these overtures and never explicitly or formally assumed or became a party to the CBA. It inadvertently made Union benefit plan contributions in respect of Cardona for the month of August 1997.

In late 1997, Marlin discharged Cardona, allegedly for cause. The subsequent proceedings are somewhat confused.

The Union prepared a notice of an arbitration hearing naming only GCC as the respondent and stating the subject only as "Breach of Sale Clause 3205 Grand Concourse" and sent it to an attorney for the management company that managed the building for GCC.[1] This notice was forwarded to counsel for Marlin on December 8, 1997 under cover of a letter suggesting that Cardona would be the subject of the hearing. It stated also that it would be in Marlin's interest to appear because GCC intended to seek indemnification from Marlin in the event any liability resulted. But there is no indication that the hearing ever took place, much less that Marlin appeared.

Three days later, on December 11, 1997, the Union delivered a letter to Marlin suggesting that it attend an informal hearing on December 22, 1997 to discuss Cardona's discharge. Marlin did not attend.

Marlin then sought to evict Cardona from the apartment based on his discharge as superintendent. On February 18, 1998, the Civil Court of the City of New York, Bronx County, dismissed Marlin's proceeding, finding "that petitioner [Marlin], pursuant to the contract of sale, is bound by the terms of the

---

1. It is interesting to note that that attorney now appears here for the Union.

union agreement executed between the prior landlord and respondent [Cardona]." The dismissal, however, was without prejudice to a new proceeding in the event an arbitrator sustained Cardona's discharge.

In the meantime, the Union pressed ahead with its effort to arbitrate the grievance relating to Cardona's discharge. On January 21, 1998, it prepared a new notice of intent to arbitrate which named GCC as the respondent "c/o Marlin Mgmt., LLC." It served the notice by mail addressed as follows:

> 3205 Grand Concourse Corp. c/o Marlin Mgmt. LLC 233 East 230th Street, Bronx, N.Y. 10463

Marlin never received the notice, which is not surprising in view of the fact that its address is 233 *West* 230th Street, not 233 *East* 230th Street. Nevertheless, the arbitrator subsequently notified Marlin that the hearing would be held on February 24, 1998. Marlin received that communication, and its counsel wrote the arbitrator to advise him that Marlin was not a party to the proceeding and would not participate.

An arbitration hearing was held. On March 20, 1998, the arbitrator made an award finding that the Union and "Employer" are parties to the CBA, that the Employer had failed to justify Cardona's discharge, and that the discharge was not justified. He directed Cardona's immediate reinstatement with back pay and determined that Cardona was entitled to continued occupancy of the apartment. The arbitrator never identified the entity to which he referred as "Employer."

### Discussion

#### The Motion to Confirm the Award

The Union assumes that the arbitrator's award meant to identify Marlin as the "Employer" and seeks its confirmation. At the outset, however, the Court must deal with the fact that Marlin nowhere is identified in the award and, moreover, was not named as the respondent in the notice of intention to arbitrate.

Section 11 of the Federal Arbitration Act provides in relevant part that a district court "may make an order modifying or correcting the award . . . [w]here there was an . . . evident material mistake in the description of any person . . . referred to in the award . . . so as to effect the intent thereof and promote justice between the parties." [2] That is precisely the case here. By the time the notice of intention to arbitrate was served, Marlin owned the building and had employed Cardona. The dispute concerning Cardona was between the Union and Marlin, not GCC. And while Marlin was not characterized as the respondent in the notice of intention, the notice referred to the respondent as GCC c/o Marlin. Although the notice of intention to arbitrate was not properly served on either Marlin or GCC, Marlin admittedly was notified by the arbitrator of the February 24, 1998 hearing and knowingly decided not to participate. While there remains an issue as to whether Marlin was obliged to arbitrate, there is no doubt whatever that the arbitrator meant to enter an award against Marlin. In consequence, the Court modifies the award to the extent that Marlin is identified as the Employer against which it was rendered.

■ That brings us to the question whether the award, as modified, should be confirmed, Marlin's position is straightforward and not without appeal. Arbitration is a matter of contract. As a general proposition, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." [3] As Marlin neither was a party to nor explicitly assumed the CBA, it contends that it was not obliged to submit to arbitration, thus rendering the arbitrator's award unenforceable.

The difficulty with Marlin's position is the Civil Court judgment in its summary dispossess proceeding against Cardona. The Civil Court there determined that Marlin was bound by the CBA to which its predecessor in title was a party and that it was obliged to arbitrate the Cardona dispute.

---

**2.** 9 U.S.C. § 11. *See Diapulse Corp. of Am. v. Carba, Ltd.,* 626 F.2d 1108, 1110 (2d Cir.1980).

**3.** *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

Section 1738 of the Judicial Code[4] provides in relevant part that "judicial proceedings ... [of any State] shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." In other words, this Court is obliged to give such effect to the determination by the Civil Court as would be given to it by the New York courts.[5]

 Under New York law, collateral estoppel, or issue preclusion, "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same."[6] The only prerequisites to application of the rule are that "(1) the issue in question was actually and necessarily decided in [the] prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceedings."[7]

Here the issue whether Marlin is bound by the CBA was actually and necessarily decided in the Bronx County landlord-tenant case. Cardona's defense against the holdover proceeding was that his discharge was wrongful. This contention depended for its legal effect in defeating the petition on the question whether Marlin was bound by the CBA, as Marlin would have had the right to fire Cardona, and thus end his occupancy rights, without cause but for that agreement. There is no suggestion that Marlin did not have a full and fair opportunity to litigate the issue in the proceeding that it commenced

itself. Hence, the state court determination is binding here. Any contention that the matter was decided incorrectly was a matter for appeal in the state system and is foreclosed in this Court.

Marlin's sole basis for resisting confirmation of the arbitrator's award is the premise that it was not bound by the CBA and therefore not obliged to arbitrate. Given the determination that Marlin is bound by the CBA, its contention fails. Accordingly, plaintiff is entitled to confirmation of the award as against Marlin.[8]

*The Counterclaims*

Marlin's counterclaims are variations on the theme that the Union has acted inappropriately in a number of respects and that Marlin was damaged in consequence. The sole remedy they seek is damages. But there is no persuasive proof of any economic harm to Marlin. In consequence, the counterclaims must be dismissed.

*Conclusion*

The arbitration award is modified to identify the respondent as Marlin Management of NY, LLC. The petition to confirm the award, as modified, is granted to the extent that it is confirmed as against Marlin Management of NY, LLC, and otherwise denied. The counterclaims are dismissed.

The foregoing contains the Court's findings of fact and conclusions of law.

SO ORDERED.

4. 28 U.S.C. § 1738.

5. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Domino Media, Inc. v. Kranis*, 9 F.Supp.2d 374, 389 n. 93 (S.D.N.Y.1998); *Whitney Holdings, Ltd. v. Givotovsky*, 988 F.Supp. 732, 737 n. 28 (S.D.N.Y. 1997).

6. *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 826, 467 N.E.2d 487 (1984).

7. *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995); *see also Johnson v. Watkins*, 101 F.3d 792 (2d Cir.1996); *Whitney Holdings, Ltd.*, 988 F.Supp. at 737 & n. 29; *ICD Holdings S.A. v. Frankel*, 976 F.Supp. 234, 239 (S.D.N.Y.1997); *Juan C. v. Cortines*, 89 N.Y.2d 659, 657 N.Y.S.2d 581, 679 N.E.2d 1061 (1997); *D'Arata v. New York Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 563 N.Y.S.2d 24, 564 N.E.2d 634 (1990).

8. There is no basis for confirmation of the award as against defendant Martin Shapiro. He is not even mentioned in the award, and he certainly was not a party to the CBA in his personal capacity. Nor is there any basis for confirmation as against GCC, which was not specifically identified in the award and was not Cardona's employer at the relevant time.