■ IRENE ROTHBEIND, Appellant, v SAUL LEVINE et al., Respondents. [690 NYS2d 111] —In an action, in effect, to compel the defendants to allow the plaintiff to inspect and copy all pre-1995 partnership books and records of the defendant Josapal Associates, the plaintiff appeals from an order of the Supreme Court, Nassau County (Carter, J.), dated April 8, 1998, which granted the defendants' motion for summary judgment dismissing the complaint, and denied her cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

In a prior related action, the Supreme Court, Nassau County (Feuerstein, J.), determined that the defendants Saul Levine and Josapal Associates had afforded the plaintiff access to and copies of all pre-1995 partnership books and records of the defendant Josapal Associates, and that therefore the plaintiff was not entitled to further access to those books and records in order to support her cause of action for an accounting. Therefore, the Supreme Court properly determined, in the order appealed from, that the plaintiff was collaterally estopped in this action from seeking to inspect the pre-1995 books and records for her stated purpose of enabling her accountant to conduct an accounting (*see, Matter of Juan C. v Cortines,* 89 NY2d 659, 666; *D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664; *Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147, 152). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.