■ Todd Bank, Appellant, v Brooklyn Law School, Respondent. [747 NYS2d 800]

Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.,* 62 NY2d 494, 500). There are two necessary requirements for the invocation of the doctrine of collateral estoppel. "There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling" (*Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71; *see D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 666-667).

In a prior action brought by the plaintiff in federal court, the United States District Court for the Eastern District of New York dismissed the plaintiff's second amended complaint, inter alia, upon finding no factual support for the plaintiff's allegations that the defendant submitted false or misleading information to U.S. News and World Report. As those allegations are material elements of the plaintiff's claims in this action, and the plaintiff had a full and fair opportunity to oppose the defendant's motion to dismiss the federal action, the present action is barred by the doctrine of collateral estoppel. The Supreme Court therefore properly granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5). Ritter, J.P., Krausman, McGinity and Luciano, JJ., concur.