In the Matter of the Judicial Settlement of the Accounts of VICTOR N. FARLEY, as Administrator of the Estate of HAROLD A. ANDERSEN, Deceased. ANDREW ANDERSEN, Appellant; VICTOR N. FARLEY et al., Respondents, et al., Respondents. [755 NYS2d 177] —Appeal from an order of Surrogate's Court, Erie County (Mattina, S.), dated January 29, 2001, which revoked petitioner's restricted letters of administration, denied the discovery petition, dismissed the probate petition without prejudice and directed the Public Administrator to apply to be appointed as voluntary administrator to settle the accounts held on behalf of the estate.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the restricted letters of administration, the probate petition and the discovery petition are reinstated, and the matter is remitted to Surrogate's Court, Erie County, for further proceedings in accordance with the following memorandum: Harold A. Andersen (decedent) died on April 21, 1997 in the Kingdom of Norway. Decedent had traveled to Norway following his wife's death in 1994 to visit his son Eric. A probate petition was filed in Surrogate's Court, Erie County, on June 12, 1997 by petitioner, decedent's other son. The court granted temporary letters of administration to petitioner on June 25, 1997. Subsequently, temporary letters of administration de bonis non (d.b.n.) were granted to the Erie County Public Administrator (Public Administrator), thereby substituting the Public Administrator as the temporary administrator.

Petitioner was granted restricted letters of administration on November 22, 1999 to prosecute all discovery actions. He previously had filed a petition dated August 13, 1999 seeking appointment as administrator with will annexed or, in the alternative, seeking appointment as temporary administrator

d.b.n. and revocation of the temporary letters d.b.n. granted to the Public Administrator. The court did not address that petition until the parties appeared before the court on May 9, 2000.

Petitioner filed a discovery petition dated March 10, 2000 seeking, among other things, an accounting by Eric and his live-in girlfriend of all property and funds received by them from decedent within the three years prior to his death. In opposition to the petition, Eric's attorney submitted an affidavit with supporting documentation, asserting that decedent was a competent adult who was entitled to dispose of his assets as he wished. He further alleged that petitioner is collaterally estopped from bringing a discovery proceeding because, in a prior proceeding concerning the estate of decedent's wife, decedent had released Eric and others from alleged wrongdoing with respect to essentially the same assets. At the court appearance on May 9, 2000,* the court announced its decision to dismiss the discovery petition, revoke petitioner's restricted letters of administration and approve the judicial settlement of the administrator d.b.n. There were no further court appearances in this matter and, by order dated January 29, 2001, the court revoked petitioner's restricted letters of administration; denied the discovery petition; dismissed the probate petition without prejudice; and directed the Public Administrator to apply to the court to be appointed as voluntary administrator to settle the accounts held on behalf of the estate.

It appears from the record before us that the court dismissed the discovery petition on the ground of collateral estoppel. That was error. Although collateral estoppel "may be invoked in a subsequent action or proceeding to prevent a party from relitigating an issue decided against that party in a prior adjudication" (*Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147, 152), there must be the "requisite identity of the issue[s] between this case and the prior * * * proceeding" (*D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 666). Here, the record is unclear whether the issues presented in the discovery proceeding are the same as the issues resulting in the settlement agreement and releases in the proceeding regarding the estate of decedent's wife. In any event, even assuming, arguendo, that there is the requisite identity of issues, we conclude that the requisite identity of parties is lacking. The discovery petition alleges that Eric's girlfriend had misappropriated funds and unduly influenced decedent, and she was not a party to the proceeding with respect to the estate of

---

* We note that the transcript of that proceeding is erroneously dated May 9, 2002.

decedent's wife, nor was she granted a release by decedent. In any event, we conclude that the allegations of undue influence, decedent's incompetence and improper transfers of decedent's assets are sufficient to warrant further proceedings on the petition (*see generally* SCPA 2103 [4]).

We further conclude that the court erred in dismissing the probate petition. Decedent's estate consisted of approximately $231.40 and a 50% interest in real property located in Massachusetts. SCPA 1408 (2) provides that "[i]f it appears that the will was duly executed and that the testator at the time of executing it was in all respects competent to make a will and not under restraint it must be admitted to probate as a will valid to pass real and personal property, unless otherwise provided by the decree and the will and decree shall be recorded." Although we recognize that there are instances in which it is not necessary to admit a valid will to probate (*see generally Matter of Von Ripper,* 95 Misc 2d 952), here the will was offered for probate and there is no consent by the distributees to seek letters of administration to distribute the property rather than to offer the will for probate (*see id.* at 956). Although the will provides for a disposition of decedent's property to decedent's two sons that is consistent with their intestacy rights as the only distributees (*see* EPTL 4-1.1 [a] [3]), the existence of the real property may necessitate the probate of the will.

We therefore reverse the order and reinstate petitioner's restricted letters of administration, the discovery petition and the probate petition, and we remit the matter to Surrogate's Court, Erie County, for further proceedings consistent with our decision herein. In light of our decision, there is no need to review petitioner's remaining contentions. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Lawton, JJ.