■ PATRICK PRICE et al., Appellants, v CITY OF NEW YORK et al., Respondents. [772 NYS2d 816]—

Order, Supreme Court, New York County (Michael Stallman, J.), entered December 20, 2002, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

The claims of these former Housing Authority police officers—who became employees of the New York City Police Department as a result of the merger of the departments in 1995—to elect certain lump-sum payments upon retirement were barred by res judicata (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]) and collateral estoppel (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). Such claims could have been litigated in *Nickels v New York City Hous. Auth.* (208 AD2d 203 [1995], *affd* 85 NY2d 917 [1995]), when the merger was challenged. In *Nickels*, this Court found that although Housing Authority police officers would lose certain retirement benefits as a result of the merger, the transfer would "not cause a diminution in their pension and related rights" (208 AD2d at 211), and that in any event, any losses would be offset by their acquisition of new rights of equivalent value. Furthermore, in *Nickels* we concluded that these officers did not have an unalterable right to the continued enforcement of the terms of their employment with the Housing Authority Police Department.

Accordingly, plaintiffs herein were properly barred from relitigating the issue, even though the precise premerger benefit they now seek to enforce was not expressly at issue in *Nickels*. We have considered plaintiffs' remaining arguments and find them to be unavailing. Concur—Tom, J.P., Mazzarelli, Sullivan, Ellerin and Friedman, JJ.