Marlen ABRAMOVA, Plaintiff–Appellant,

v.

ALBERT EINSTEIN COLLEGE OF MEDICINE OF YESHIVA UNIVERSITY and Todd R. Olson, Defendants–Appellees.

No. 06–3387–cv.

United States Court of Appeals, Second Circuit.

May 15, 2008.

Lawrence Solotoff, Cheryl Solotoff, Solotoff & Solotoff, Great Neck, NY, for Appellant.

Daniel Riesel, Steven Russo, Elizabeth Knauer, Sive Paget & Riesel PC, New York, NY, for Appellees.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges, and Hon. MIRIAM GOLDMAN CEDARBAUM,* District Judge.

## SUMMARY ORDER

Plaintiff-appellant Marlen Abramova appeals from a judgment of the district court granting defendants-appellees' motion for summary judgment and dismissing her claim of sexual harassment and retaliation under Title IX, 20 U.S.C. § 1681 et seq., and related state law claims. We assume the parties' familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

Whether or not Abramova's claims against the University are precluded by prior state court litigation, they fail on their merits.

■ In order to survive the motion for summary judgment on her Title IX claim, Abramova was required to "provide evidence that one or more of the individual defendants, ... vested with authority to address the alleged discrimination and to institute corrective measures ..., had actual knowledge of the discrimination ... and failed adequately to respond." *Hayut v. State Univ. of N.Y.,* 352 F.3d 733, 750 (2d Cir.2003) (internal quotation marks and brackets removed). "[A]ctual, as opposed to constructive, knowledge imposes a greater evidentiary burden on a Title IX claimant." *Id.* Title IX's requirement of an "adequate response" is unmet "not only if school officials render no response, ... but also if the response that is rendered amounts to deliberate indifference to discrimination." *Id.* at 751 (internal quotation marks and brackets removed).

Abramova's complaint states that she first disclosed the alleged sexual proposal in February 2004 to David Ribacoff, a "community leader." Mr. Ribacoff then relayed this disclosure to a vice president of Yeshiva University in April 2004. The record indicates that later that month, the University sent Abramova a letter that, at a minimum, indicated that there existed procedures pursuant to which allegations of harassment could be brought to the school's attention. The letter clearly refers to the existence of such a policy, and there is no indication that Abramova responded to this letter in any way, even to inquire regarding the allegedly missing policy enclosure. There is no evidence in the record to suggest that the University was deliberately indifferent to Abramova's allegations of harassment and retaliation. In light of the manner in which Abramova made her charges known to the University, its responses were reasonable as a matter of law.

For substantially the same reasons that Abramova's Title IX claim lacks merit, her state law claims against the University must also be dismissed. In light of the University's responses to Abramova's allegations, there is no indication that it was negligent in its supervision of Dr. Olson, acted in bad faith, or breached any contract.

■ Additionally, Abramova's state law claims against Dr. Olson are barred by the doctrine of issue preclusion. "Under New York law, the doctrine of issue preclusion only applies if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Colon v. Coughlin,* 58 F.3d 865, 869 (2d Cir.1995). However, this doctrine "is grounded on concepts of

---

* The Honorable Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York, sitting by designation.

fairness and should not be rigidly or mechanically applied." *D'Arata v. New York Central Mut. Fire Ins. Co.,* 76 N.Y.2d 659, 664, 563 N.Y.S.2d 24, 564 N.E.2d 634 (1990). In reviewing the University's expulsion of Abramova, including Dr. Olson's role in this expulsion, the Article 78 court determined that "[t]here is not the hint of negative bias or other wrongdoing on the part of Professor Olson" and did not find any "statutory violation." Abramova herself swore in an affidavit in the Article 78 court that "I did not know any reason why Professor Olson would accuse me of cheating." In light the state court's factual findings, we conclude that Abramova is now precluded from raising claims against Dr. Olson based on allegations of retaliation or of harassment underlying such retaliation.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.