■ In the Matter of YELLOW CAB OF NEWBURGH, INC., Petitioner/Plaintiff, and G&C TRANSPORTATION, INC., Appellant, v WESTCHESTER COUNTY et al., Respondents. [898 NYS2d 659]—In a hybrid proceeding pursuant to CPLR article 78 to review two determinations of the Westchester County Taxi and Limousine Commission, both dated January 28, 2009, that G&C Transportation, Inc., violated sections 400.10 and 400.11 of the Rules and Regulations of the Westchester County Taxi and Limousine Commission, and action, inter alia, for a judgment declaring, in effect, that Westchester County is without authority to regulate livery and/or taxicab services not operating wholly within Westchester County, and that sections 400.10 and 400.11 of the Rules and Regulations of the Westchester County Taxi and Limousine Commission are invalid, G&C Transportation, Inc., appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Cacace, J.), entered August 18, 2009, which, in effect, granted that branch of the respondents/defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the petition/complaint insofar as asserted by it, and is in favor of the respondents/defendants and against it dismissing the proceeding.

Ordered that the order and judgment is modified, on the law, by adding a provision thereto in favor of the respondents and against the appellant dismissing the action insofar as asserted by the appellant; as so modified, the order and judgment is affirmed, with costs to the respondents.

The doctrine of collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue that was clearly raised in a prior action or proceeding and decided against that party (*see Buechel v Bain*, 97 NY2d 295, 303 [2001], *cert denied* 535 US 1096 [2002]; *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999]; *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). In order to invoke the doctrine, the identical issue must necessarily have been decided in the prior action or proceeding and be decisive of the present action or proceeding, and the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination (*see Buechel v Bain*, 97 NY2d at 303-304; *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 349; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]).

Westchester County and the Westchester County Taxi and Limousine Commission (hereinafter the TLC) met their burden of demonstrating that the issues raised in the instant proceeding and action were necessarily decided in a prior hybrid proceeding and action commenced by the appellant (*see Matter of G&C Transp., Inc. v Westchester County*, Sup Ct, Westchester County, Sept. 3, 2008, Cacace, J., index No. 11106/08). The appellant failed to sustain its burden of demonstrating that it lacked a full and fair opportunity to contest those issues in that hybrid proceeding and action (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d at 664). Accordingly, the Supreme Court properly granted that branch of the motion of the County and the TLC which was pursuant to CPLR 3211 (a) (5) to dismiss the petition/complaint insofar as asserted by the appellant.

In light of this determination, the appellant's remaining contentions have been rendered academic. Covello, J.P., Florio, Eng and Chambers, JJ., concur.