Kaspiev v Corbis Corp. (2018 NY Slip Op 01146)





Kaspiev v Corbis Corp.


2018 NY Slip Op 01146


Decided on February 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 15, 2018

Friedman, J.P., Tom, Mazzarelli, Singh, JJ.


5743 652274/16

[*1]Kalman Kaspiev, Plaintiff-Appellant,
v
Corbis Corporation, Defendant-Respondent.


Kalman Kaspiev, appellant pro se.
Gottlieb, Rackman & Reisman P.C., New York (Robert Feinland of counsel), and Lane Powell PC, Seattle, WA (Aaron P. Brecher II of the bar of the State of Washington, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered November 15, 2016, which, inter alia, granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff seeks to recover royalties allegedly due under a license agreement between defendant Corbis and the late Evgeny Khaldei, a World War II photographer, based on allegations that, as the agent of Khaldei and his estate, he was a third-party beneficiary of the license agreement. In a prior action in federal court between Khaldei's heir and plaintiff, the court rejected plaintiff's claim to recover royalties as an agent, including any royalties to be paid by Corbis, because he had been a faithless servant (Khaldei v Kaspiev , 135 F Supp 3d 70, 84-86 [SD NY 2015]). Since defendant established that the identical issue of plaintiff's entitlement to receive royalties was "necessarily decided in the prior action and is decisive in the present action," and plaintiff had a full and fair opportunity to litigate the issue in the prior action (D'Arata v New York Cent. Mut. Fire Ins. Co. , 76 NY2d 659, 664 [1990]), his current claims are barred by the doctrine of collateral estoppel. Application of the doctrine in this case furthers the policies "of avoiding relitigation on a decided issue and the possibility of an incongruous result" (id. at 668).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 15, 2018
CLERK