Wang v Simon, Eisenberg & Baum, LLP (2018 NY Slip Op 07062)





Wang v Simon, Eisenberg & Baum, LLP


2018 NY Slip Op 07062


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Sweeny, J.P., Gische, Tom, Mazzarelli, Kern, JJ.


7430 100481/17

[*1]James Wang, Plaintiff-Appellant,
v
Simon, Eisenberg & Baum, LLP, et al., Defendants-Respondents.


James Wang, appellant pro se.
Abrams Garfinkel Margolis Bergson, LLP, New York (Robert J. Bergson of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about January 5, 2018, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
The court properly concluded that collateral estoppel barred plaintiff from relitigating his claims that defendants improperly translated to and from American Sign Language (ASL) the amount he was willing to accept in settlement and then settled for an amount that was unacceptable to him. The Federal District Court's opinion clearly addressed and rejected these claims, and the Second Circuit properly reviewed the District Court's findings de novo. The allegations of the complaint in this action and in the federal action are the same, although here plaintiff has asserted legal malpractice, rather than seeking to void the settlement. The fact that the issue arose in the context of a different type of action is not dispositive because the factual findings necessary to support the claims are identical (see D'Arata v New York Cent. Mut. Fire Ins. Co. , 76 NY2d 659, 664 [1990]).
Additionally, plaintiff has not cited new evidence not raised in the federal courts, and he chose not to retain new counsel in the prior action after he discovered the claimed error. He also failed to point to differences in the applicable law in the prior action and here.
Plaintiff asserts that he did not have a full and fair opportunity to litigate his claims because the federal court did not provide him with an ASL interpreter so that he could make a proper presentation in oral argument. However, he failed to point to any evidence he was unable to present to the federal courts. Moreover, the Second Circuit determined that there was no need to hear oral argument on the issue of whether he instructed his attorney to seek the settlement amount he allegedly sought, and it is unclear how plaintiff's disability interfered with his ability to present his claim in written form or to retain counsel of his choosing. He was also free to hire a private ASL interpreter to communicate with counsel if he believed that it was necessary.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK