NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CAROLYNNE R. HARRIS, as Trustee of the Edith Heinemann Harris Trust (U/A) June 10, 2003), a Washington trust,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>DAVID S. MUNDEL, as Trustee of the August B. Mundel and Joan Webb Mundel Trust (U/A March 27, 1988), a New York Trust,<br><br>Defendant-Appellee. | No.   18-35669<br><br>D.C. No. 2:17-cv-01107-RAJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted May 3, 2021
Seattle, Washington

Before:  CHRISTEN and BENNETT, Circuit Judges, and FRIEDMAN,[**] District Judge.

Carolynne Harris, in her capacity as trustee of the Edith Heinemann Harris

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

Trust ("Heinemann Trust"), appeals the dismissal of her claim for payments allegedly owed by the 1988 August B. Mundel and Joan Webb Mundel Trust ("1988 Trust") pursuant to two promissory notes ("Promissory Notes Nine and Ten"). The district court found there to be "no reasonable dispute" that Harris's claims were barred under the doctrine of claim preclusion by a New York judgment purportedly resolving the monies owed between the Heinemann Trust and the 1988 Trust. We have jurisdiction under 28 U.S.C. § 1291 and reverse.

We review de novo dismissals for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016). "[A]ffirmative defenses may not be raised by motion to dismiss" unless "the defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam).

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under New York law, claim preclusion applies if a prior proceeding resulted in a final judgment on the merits, arose out of the same transaction or occurrence as the claim to be precluded, and was between the same parties as the current proceeding or those with whom they were in privity. *Landau*

2

*v. LaRossa, Mitchell & Ross*, 892 N.E.2d 380, 383 (N.Y. 2008). Harris was not a party to the New York lawsuit in her capacity as trustee of the Heinemann Trust (nor even in her personal capacity). Thus, the New York judgment can bar her federal claim only if she was in privity with a party to the New York proceedings.

"Generally, a nonparty to a prior litigation" may stand in privity with a party to the prior litigation "by having a relationship with [that] party . . . such that [her] own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or derivative of the rights of the party to the prior litigation." *D'Arata v. N.Y. Cent. Mut. Fire Ins.*, 564 N.E.2d 634, 637 (N.Y. 1990). "Doubts should be resolved against imposing preclusion [by privity] to ensure that the party to be bound can be considered to have had a full and fair opportunity to litigate." *Buechel v. Bain*, 766 N.E.2d 914, 920 (N.Y. 2001).

The district court found privity because Harris's husband was "actively involved in the New York Lawsuit." But marriage alone does not establish privity. *See Stamp v. Franklin*, 39 N.E. 634, 634 (N.Y. 1895) ("Husband and wife are for most purposes distinct persons at law, and an adjudication in an action to which a wife is a party alone, without her husband, [does not] bind[] him in a subsequent action, to which he is a party . . . ."). The district court also found privity because the Heinemann Trust was "completely entangled with the 1988 Trust." But no matter how entangled the trusts might have been, the Heinemann Trust and Harris

3

could not have stood in privity with the 1988 Trust and David Mundel, its trustee, because the New York lawsuit was brought to sort out the assets and obligations between those trusts. In other words, the Heinemann Trust's rights were not "derivative" of the 1988 Trust's rights, *D'Arata*, 564 N.E.2d at 637, but were directly opposed to them. Thus, although it may be possible to prove Harris's privity with a party to the New York lawsuit on summary judgment or at trial, disputed facts preclude a finding of privity as a matter of law, and thus preclude dismissal based on claim preclusion.[1] *Cf. Green v. Santa Fe Indus.*, 514 N.E.2d 105, 109 (N.Y. 1987) ("[W]hether the [parties to the current proceeding] were in privity with the [parties to the prior proceeding] is a question of fact, which would preclude summary judgment.").

We also decline to stay or dismiss this case on the basis of *Colorado River* abstention. In *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), the Supreme Court held that under "exceptional circumstances," "reasons of wise judicial administration" may justify staying or dismissing a federal action when there are pending state court proceedings. *Id.* at 813, 818. There is a pending appeal in New York from the denial of Harris's husband's

---

[1] The factual dispute also precludes dismissal based on issue preclusion. *See Buechel*, 766 N.E.2d at 919 ("The litigant seeking the benefit of collateral estoppel must demonstrate that the decisive issue was necessarily decided in the prior action against a party, or one in privity with a party." (citation omitted)).

4

motion to vacate the New York judgment. But to justify abstention, the "concurrent state court proceedings" must at least be capable of resolving all the issues in this action. *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993). And that would occur "*only* if" the New York court's resolution of the appeal will "have [preclusive] effect in federal court." *Id.* But the New York appeal (whatever the result) will be subject to the same preclusive-effect dispute as the New York judgment. Thus, at this stage of this proceeding, there is, at the very least, "substantial doubt as to whether the state proceedings will resolve the federal action." *R.R. Street & Co. v. Transp. Ins.*, 656 F.3d 966, 982 (9th Cir. 2011) (citation omitted); *see id.* at 978–79 (recognizing "eight factors for assessing the appropriateness of a *Colorado River* stay or dismissal," including "whether the state court proceedings will resolve all issues before the federal court"). "Under the rules governing the *Colorado River* doctrine, the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Intel*, 12 F.3d at 913.

**REVERSED AND REMANDED,** with the parties to bear their own costs.[2]

---

[2] We also grant the appellee's motion for the court to take judicial notice of two related records from the state court proceedings in New York.

5