People v Brown (2025 NY Slip Op 07338)

People v Brown

2025 NY Slip Op 07338

Decided on December 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 30, 2025

Before: Moulton, J.P., Scarpulla, Rosado, O'Neill Levy, Chan, JJ. 

Ind No. 924/84|Appeal No. 5474|Case No. 2023-01479|

[*1]The People of the State of New York, Respondent,
vAlvin Brown, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about January 26, 2023, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant is not collaterally estopped from moving for a downward departure even though this Court recently affirmed the denial of a downward departure based on his convictions in New York County for rapes and robberies that were part of a 1983 and 1984 crime spree in the Bronx and Manhattan (see People v Brown, 242 AD3d 495 [1st Dept 2025]). While the issue and the evidence offered by defendant in support of downward departures are similar, his motion here is based on a different indictment, and thus, the issues are not "identical" (see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 666 [1990]).
However, the court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). As this Court found when defendant challenged the denial of a downward departure based on similar crimes he committed in New York County as part of a series of rapes and robberies in 1984, the mitigating factors cited by defendant, including his deteriorating physical condition and rehabilitative accomplishments in prison, were "outweighed by the horrific nature of the sex offenses he perpetrated against . . . innocent strangers, whom he . . . robbed, and raped at gunpoint and/or knifepoint" (Brown, 242 AD3d at 496).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 30, 2025