■ Marquita Zimmerman, Appellant, v Tower Insurance Company of New York, Respondent. [788 NYS2d 309]—

Order, Supreme Court, Bronx County (Jerry L. Crispino, J.), entered May 27, 2003, which granted defendant's motion for summary judgment and dismissed the action, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated, and the matter remanded for further proceedings.

In May of 1995, plaintiff brought an action against Skate Key Roller Rink, Inc. (Skate Key) for injuries she sustained on Skate Key's premises. At that time, defendant Tower Insurance Company of New York (Tower) insured Skate Key. In 1998, Tower advised Skate Key that it was rescinding the policy due to Skate Key's failure to pay deductibles owed on settled claims, that it would be commencing a declaratory judgment action to confirm the denial of coverage on six unresolved personal injury actions, including plaintiff's claim, and to terminate its defense of Skate Key in those actions. In 1999, Tower commenced the declaratory judgment action and sent a "Notice of Vouching-In" to plaintiff's attorney to advise plaintiff that her interests might be impaired by the outcome of the action and that she had the right to intervene in the action to protect her interests as she might be bound by any determination rendered in the matter.

A plaintiff in a separate personal injury action against Skate

Key pending at the same time, Barbara Van Putten, made a motion to intervene in the declaratory judgment action, but it was denied. The denial was affirmed by this Court by order entered June 27, 2000 (*Tower Ins. Co. v Skate Key*, 273 AD2d 158 [2000]).

Skate Key did not appear in the declaratory judgment action, and Tower moved for a default judgment. The court (Diane A. Lebedeff, J.), referred to a referee the question of whether Skate Key's failure to reimburse Tower for its deductibles constituted a material breach. Neither plaintiff nor Skate Key appeared at the referee's hearing. After receiving testimony from Tower, the referee found that Skate Key had materially breached its contract and was entitled to rescission. In 2000, Justice Lebedeff issued a declaratory judgment confirming the referee's report, rescinding the policy, and discharging Tower from any obligation to defend or indemnify Skate Key, or to pay any damages arising from the cases then pending against Skate Key, including plaintiff's case.

In 2001, the trial of plaintiff's personal injury action against Skate Key commenced and Tower appointed counsel to defend Skate Key. Plaintiff then moved on the date of trial to disqualify Skate Key's counsel based upon Tower's disclaimer of coverage. The court (Luis A. Gonzalez, J.) granted the motion and proceeded on the same day to inquest, after which it awarded plaintiff damages in the amount of $90,000.*

On or about July 31, 2002, upon Skate Key's failure to pay the judgment, plaintiff commenced this action against Tower for the amount of the judgment pursuant to Insurance Law § 3420. Tower moved for summary judgment dismissing the complaint on the grounds of res judicata and collateral estoppel as plaintiff had relied on the declaratory judgment in moving to disqualify Skate Key's counsel. Plaintiff opposed the motion, contending that she had no standing to participate in the declaratory judgment action as established by Justice Lebedeff's order regarding Ms. Van Putten and this Court's subsequent affirmance of that order.

The court found, citing *D'Arata v New York Cent. Mut. Fire Ins. Co.* (76 NY2d 659, 665 [1990]), that when a plaintiff maintains a direct action against an insurer pursuant to Insurance Law § 3420, it "stands in the shoes" of the insured and can have no greater rights than the insured. The court thus concluded that an inevitable consequence of plaintiff's election to proceed directly against Tower was that she was in legal priv-

---

* A judgment in the amount of $100,210 was entered May 29, 2002.

ity with Skate Key for the purpose of a collateral estoppel analysis. Furthermore, because Justice Lebedeff had already determined that Tower was not obligated to defend, indemnify or pay damages to any party, Tower's motion must be granted as the court was without jurisdiction or authority to reverse or alter those findings.

It is well established that a creditor has no greater rights than that of the insured by proceeding directly against an insurer under section 3420 as the plaintiff is a subrogee of the insured's rights and is subject to whatever rules of estoppel would apply to the insured (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d at 665). Moreover, "a judgment in a prior action is binding not only on the parties to that action, but on those in privity with them" (*Green v Santa Fe Indus.*, 70 NY2d 244, 253 [1987]). In this case, however, neither collateral estoppel nor res judicata apply as the declaratory judgment resulted from Skate Key's default and there is no legal privity between plaintiff and Skate Key.

Collateral estoppel is a component of the broader concept of res judicata, wherein the parties to a litigation and those in privity with them are conclusively bound by a judgment on the merits by a court of competent jurisdiction regarding issues of fact and questions of law necessarily decided therein in any subsequent action (*Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]). In order to invoke the doctrine of collateral estoppel, two prongs must be satisfied: (1) the identical issue was necessarily decided in the prior proceeding and is decisive of the present action; and (2) there was a full and fair opportunity to contest that issue in the prior proceeding (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d at 665-666). Central, therefore, to the inquiry is the concept of privity. "[P]rivity is an amorphous term not susceptible to ease of application" (*Gramatan Home Invs. Corp. v Lopez*, 46 NY2d at 486).

In the instant case, the concept of privity cannot be applied in any fair manner to plaintiff and Skate Key because while Skate Key had an opportunity to contest the declaratory judgment, its subrogees were prohibited from doing so. Indeed, Ms. Van Putten was specifically precluded from intervening by the Supreme Court and such preclusion was affirmed by this Court. It is axiomatic that plaintiff would also have been unsuccessful in any attempt to intervene and protect her rights. Furthermore, plaintiff had no ability to appeal the declaratory judgment determination as plaintiff was not aggrieved by the court's order (*see Augustine v Sugrue*, 8 AD3d 517, 518 [2004]). Thus, under

the peculiar posture of the history of this case, plaintiff, by law, cannot be considered to be in privity with Skate Key. Without such privity, the judgment in the declaratory action cannot be binding on plaintiff (*Green v Santa Fe Indus.*, 70 NY2d at 253).

In addition, "[t]he question as to whether a party had a full and fair opportunity to litigate a prior determination involves a practical inquiry into the realities of litigation" (*Singleton Mgt., Inc. v Compere*, 243 AD2d 213, 217 [1998]). The matter of Tower's coverage of Skate Key has not been specifically litigated because Skate Key defaulted in the declaratory judgment action (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456-457 [1985]). While there was a hearing before a referee, it was necessarily one-sided as no one appeared for Skate Key and no party was allowed to intervene. As there was no actual litigation regarding this issue, there is no identity of issues between the present action and the prior determination in the declaratory judgment action (*id.* at 456). Thus, preclusive effect cannot be given to the prior determination and the court erred in finding that the declaratory judgment barred the plaintiff's action against Tower. Concur—Buckley, P.J., Mazzarelli, Andrias, Marlow and Catterson, JJ.