OPINION OF THE COURT
Debra A. James, J.
Defendants move to dismiss the complaint pursuant to CPLR 3126 based upon the failure of NYAT to comply with discovery orders of this court. Plaintiff Renata Cabrera (hereinafter the judgment creditor) opposes the motion to the extent it seeks to dismiss the fifth cause of action pursuant to Insurance Law § 3420 (d) and cross-moves for summary judgment. Defendants oppose the judgment creditor’s cross motion. NYAT has defaulted in appearance on this motion.
As set forth in this court’s prior orders, this action was brought by plaintiff NYAT seeking a declaratory judgment that the defendant insurers were obliged to defend and indemnify plaintiff NYAT in the action Cabrera v New York Apple Tours, Inc. (Sup Ct, NY County, Index No. 109513/1998 [hereinafter the Cabrera action]) under the terms of a commercial general liability insurance policy issued by defendants to plaintiff NYAT. Pursuant to the order of this court dated May 17, 2004, the judgment creditor was permitted to intervene as a plaintiff in this action.
The Cabrera action arises out of a May 31, 1997 incident in which Harry Grant, an employee of NYAT, assaulted and bat *977 tered fellow employee Renata Cabrera. NYAT initially undertook its own defense in the Cabrera action. NYAT’s motion for summary judgment dismissing the complaint as to it was granted by order of Justice Cohen dated August 23, 1999. In December 2000, NYAT by letter notified defendants of the Cabrera action requesting defendants provide a defense and indemnification. Subsequently, on the motion of Renata Cabrera, Justice Kapnick, by order dated July 26, 2001, reinstated the Cabrera action against plaintiff only as to those “claims for negligence and negligent hiring, retention and training.” Justice Kapnick specifically denied that portion of the motion that sought to reinstate the “vicarious liability claim.” Following a jury trial on damages before Justice Soto in November 2002, Renata Cabrera was awarded judgment against the plaintiff on February 13, 2003, in the total amount of approximately $2.5 million comprised of compensatory (past and future pain and suffering) and punitive damages. By order dated June 25, 2003, this court denied summary judgment motions by NYAT and the defendants in this action.
The judgment creditor now cross-moves for summary judgment on the grounds that the Court of Appeals has now held that “sexual assault” constitutes a covered “occurrence” under the terms of defendants’ policy and that defendants failed to timely disclaim coverage under Insurance Law § 3420.
In RJC Realty Holding Corp. v Republic Franklin Ins. Co. (2 NY3d 158, 161 [2004]), the Court of Appeals considered
“whether a liability insurer is obligated to defend and indemnify its insured . . . in an action brought against the insured based on an alleged sexual assault by the insured’s employee. We hold that the alleged assault was an ‘accident’ within the meaning of the policy, and that the policy’s exclusions for injuries expected or intended from the standpoint of the insured and for bodily injury arising out of body massage do not apply. We therefore hold that the insurer is obligated to defend and indemnify.”
In RJC, a hair salon brought an action against its insurer seeking indemnification for a claim against it arising out of the alleged improper sexual contact committed by one of its employees.
“In the policy, Republic agreed to indemnify and defend RJC against claims for ‘bodily injury’ caused by an ‘occurrence’ as defined in the policy. ‘Occur *978 rence’ is defined as ‘an accident, including continuous or repeated exposure to substantially the same general harmful conditions.’ “Two exclusions in the policy are also relevant here. The policy states that it is not applicable to ‘ “[bjodily injury” . . . expected or intended from the standpoint of the insured’ or to ‘ “[bjodily injury” . . . arising out of. . . [b]ody massage other than facial massage.’ ” {Id. at 161-162.)
The insurer disclaimed coverage arguing that the assault did not constitute an “occurrence” under the policy and that the exclusions were applicable.
The Court disagreed and held that:
“The parties here agreed that the policy would cover only an ‘accident’ and would not apply to certain acts ‘expected or intended’ by RJC. When they did so, they could reasonably have anticipated that the rules of respondeat superior would govern the question of when a corporate entity is deemed to expect or intend its employee’s actions. Since the masseur’s actions here were not RJC’s actions for purposes of the respondeat superior doctrine, they were ‘unexpected, unusual and unforeseen’ from RJC’s point of view, and were not ‘expected or intended’ by RJC. Accordingly, they were an ‘accident,’ within the coverage of the policy, and were not excluded by the ‘expected or intended’ clause.” {Id. at 164-165.)
The insurance policy at issue in this action contains virtually identical language to that interpreted in RJC. Defendants attempt to distinguish RJC by arguing that NYAT could have foreseen the conduct that Harry Grant ultimately engaged in and that therefore Grant’s actions are imputable to NYAT under the respondeat superior doctrine. That is, defendants argue that foreseeability takes an incident out of the definition of “occurrence” as set forth in the policy. This court disagrees. The Court of Appeals in RJC clearly set forth where an employee departs from his or her duties for solely personal motives unrelated to the furtherance of the business, the doctrine of respondeat superior does not apply. {Id.) The Court did not set forth foreseeability as a factor in determining the applicability of the doctrine.
In this case, Justice Kapnick’s July 26, 2001 order in the Cabrera action specifically declined to reinstate the judgment creditor’s cause of action for respondeat superior and that was *979 not a theory upon which judgment could have been or was granted in the Cabrera action. Therefore, contrary to defendants’ arguments and based upon the Court of Appeals decision in RJC, this court finds that the claims which were ultimately tried in the Cabrera action are covered under the terms of the insurance policy defendants issued to NYAT.
The judgment creditor additionally argues that summary judgment should be granted because once it is determined that a claim falls within the coverage provisions of a policy and that no timely disclaimer was provided to the injured party summary judgment must be granted.
“A disclaimer is unnecessary when a claim does not fall within the coverage terms of an insurance policy. Conversely, a timely disclaimer pursuant to Insurance Law § 3420 (d) is required when a claim falls within the coverage terms but is denied based on a policy exclusion. Because denial of coverage here was based solely on an exclusion, a disclaimer in conformity with Insurance Law § 3420 (d) was required.” (Markevics v Liberty Mut. Ins. Co., 97 NY2d 646, 648-649 [2001] [citations omitted]; see Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185, 190 [2000] [“Section 3420 (d) was enacted to avoid prejudice to an injured claimant who could be harmed by delay in learning the insurer’s position”].)
Defendants do not assert that any disclaimer was ever served upon either the judgment creditor or NYAT.
Defendants argue that summary judgment must be denied because NYAT failed to promptly notify it of the incident. Defendants assert that because such notice is a condition precedent to coverage under the policy and because the judgment creditor stands in the shoes of the insured, the insured’s breach is imputed to the judgment creditor who is barred from recovery under the policy. (See Fisher v Hanover Ins. Co., 288 AD2d 806, 807 [3d Dept 2001].)
It is undisputed on this motion that the defendants first received notice of this claim on or around December 20, 2000, nearly 31/2 years after the incident occurred. On May 9, 2001, the defendants sent NYAT a “coverage position letter” outlining coverage issues and stating that defendants would investigate the claim while reserving their rights to disclaim coverage. On August 20, 2001, NYAT sent defendants another letter requesting defense and indemnification of the claim and en *980 closed the pleadings and decisions in the Cabrera action. Although NYAT sent further correspondence to the defendants, the defendants did not disclaim coverage and NYAT commenced this suit in January 2002. In spite of NYAT’s three-year delay in notifying defendants of the accident, defendants’ failure to disclaim coverage over a year after they received notice is unreasonable as a matter of law. (Hartford Ins. Co. v County of Nassau, 46 NY2d 1028, 1029-1030 [1979].)
The failure of defendants to timely disclaim coverage under Insurance Law § 3420 (d) precludes the defendants from now raising that bar to the judgment creditor’s claims. Therefore, the court shall grant plaintiffs motion for summary judgment.
The judgment creditor agrees with defendants that the judgment creditor can only seek from the defendants damages up to the limits of the subject insurance policy {see Insurance Law § 3420 [a] [2]) and that the judgment creditor cannot seek to recover upon the policy for the amount of punitive damages awarded. (See Public Serv. Mut. Ins. Co. v Goldfarb, 53 NY2d 392, 400 [1981] [“indemnity for compensatory damages would be allowable even though indemnity for the punitive or exemplary component of the damage award would be barred as violative of public policy”].) The court shall therefore refer the issue of the calculation of damages to a special referee pursuant to CPLR 3212 (c) unless the parties stipulate to the amount of damages to be entered based upon the composition of the verdict in the Cabrera action.
Defendants’ current motion seeks dismissal of the complaint under CPLR 3126 on the grounds that NYAT has failed to comply with discovery orders of this court dated October 3, 2003, December 19, 2003, July 28, 2004 and October 1, 2004. In particular, defendants argue that NYAT has failed to produce any documents relevant to Harry Grant’s personnel file claiming there are no responsive documents and has failed to produce a custodian of records to be deposed with respect to same. Defendants argue that this evidence is crucial to their defense on the issue of whether the incident at issue is a covered “occurrence” under the policy at issue in this declaratory action.
As NYAT has defaulted in appearance on this motion and has failed over the course of a year to comply with the orders of this court, dismissal of NYAT’s causes of action, numbered one through four in the amended complaint, is appropriate under CPLR 3126. The court shall therefore grant defendants’ motion to dismiss as against NYAT.
*981 Defendants argue that if this action is dismissed against NYAT, then the judgment creditor’s claim must also be dismissed because “[u]nder Insurance Law § 3420 (b) (1) plaintiff is permitted to maintain a direct action against the insurer on the policy. In doing so, plaintiff ‘stands in the shoes’ of the insured and can have no greater rights than the insured.” (D’Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 665 [1990].)
The judgment creditor argues, however, that as an innocent party to NYAT’s default, she should not be collaterally estopped from pursuing her claim against the defendants because there is no privity between the parties. In support of this proposition, the judgment creditor cites the First Department’s decision in Zimmerman v Tower Ins. Co. of N.Y. (13 AD3d 137, 140 [1st Dept 2004]) which held that a judgment creditor was not collaterally estopped and could maintain an action against an insurer where the insured had defaulted in its prior declaratory judgment action against the insurer. The Court found in Zimmerman that the requirements for preclusion had not been met because the issue of the insured’s coverage had not been litigated due to the insured’s default. (Id.)
The court agrees with the judgment creditor that the holding of Zimmerman applies to the present motion. The court has previously denied defendants’ motion for summary judgment on the merits of their claim and is now granting judgment in favor of the defendants and against NYAT on default under CPLR 3126 rather than on the merits under CPLR 3212. (See Rodriguez v New York Methodist Hosp., 3 AD3d 526, 527 [2d Dept 2004] [CPLR 3126 dismissal treated as a default judgment which must be vacated pursuant to CPLR 5015].) Therefore, in dismissing this action against NYAT, the court is not adjudicating the coverage issue so as to preclude the judgment creditor from litigating that issue upon her separate claim. The court’s decision granting summary judgment to the judgment creditor on the merits is therefore unaffected by the dismissal of the causes of action asserted by NYAT. Therefore, the court shall deny defendants’ motion to dismiss as to the judgment creditor.
Accordingly, it is ordered and adjudged that defendants’ motion to dismiss pursuant to CPLR 3126 is granted only as to the first, second, third and fourth causes of action in the complaint asserted by NYAT, and the first, second, third and fourth causes of action in the complaint asserted by NYAT are hereby dismissed, and the clerk is directed to enter judgment accordingly; and it is further ordered and adjudged that defendants’ *982 motion to dismiss is otherwise denied; and it is further ordered and adjudged that the cross motion of Renata Cabrera for summary judgment on the fifth cause of action is granted and the clerk is directed to enter judgment accordingly.