Strabag, Spa v Credit Agricole Cib (2023 NY Slip Op 05671)

Strabag, Spa v Credit Agricole Cib

2023 NY Slip Op 05671

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Webber, J.P., Friedman, González, Kennedy, O'Neill Levy, JJ. 

Index No. 650865/23 Appeal No. 978-M-4325 Case No. 2023-02383 

[*1]Strabag, Spa, Plaintiff-Respondent,
v
Credit Agricole Cib, Defendant, Alto Maipo Spa, Defendant-Appellant. Professor Boris Kozolchyk, Amicus Curiae.

Linklaters LLP, New York (Adam S. Lurie, Michael Pilcher and Rebecca Zeldin of counsel), for appellant.
Troutman Pepper Hamilton Sanders LLP, New York (Stephen G. Rinehart of counsel), for respondent.
Weaver Mancuso Brightman PLLC, Rochester (John A. Mancuso of counsel), for amicus curiae.

Order, Supreme Court, New York County (Andrea Masley, J.), entered April 4, 2023, which, in this proceeding to enjoin defendant from drawing down on a letter of credit, granted plaintiff's motion for a preliminary injunction enjoining defendant Alto Maipo SPA from drawing down on the letter of credit, unanimously reversed, on the law, with costs, the motion denied and the injunction vacated.
Defendant Alto Maipo SPA is the owner of a hydroelectric powerplant project near Santiago, Chile. Plaintiff is a contractor for substantial work, including of tunnels that are to supply water from the upper basin of the Maipo River to the powerplant. Through a series of agreements, the parties negotiated a performance schedule that included completion dates for certain "Critical Milestones" of performance on the project. In the event these milestones are not met, the agreements allow defendant to draw down on a standby letter of credit issued by defendant Credit Agricole CIB in the amount of contractually set liquidated damages.
One pre-condition to completion of certain of the milestones was testing of the water flow through the tunnels. These tests required that the water flow in the tunnels be at their maximum. However, the parties realized that because most of the water that would flow through the tunnels was frozen in surrounding mountains, testing could not be complete until the spring and summer thawed sufficient ice to bring the water levels to that needed for testing. As such, they agreed to extend the completion date to the extent that testing was delayed by insufficient water.
Initially, we find that the court was correct that the prior ruling of an ICC emergency arbitrator who expressly did not reach the issue of material fraud was not a bar to consideration of the instant motion (Zimmerman v Tower Ins. Co. of New York, 13 AD3d 137, 139 [1st Dept 2004] [no collateral estoppel effect unless prior order necessarily decided identical issue]).
Ordinarily, under the doctrine of independent contracts, a party's conduct with regard to the underlying transaction will not be a basis for barring a draw on a clean, standby letter of credit (BasicNet S.p.A. v CFP Servs. Ltd., 127 AD3d 157, 167—168 [1st Dept 2015]). However, there is a narrow exception where the draw would be in furtherance of a fraud (see UCC 5-109). Where the fraud is related to the alleged grounds for drawing on the letter, the "material fraud" exception will bar the draw, provided the beneficiary has "no colorable" basis under the agreements for the drawdown (3M Co. v HSBC Bank USA, N.A., 2018 WL 1989563, *9, 2018 US Dist LEXIS 69666, *24 [SD NY, Apr. 25, 2018, No. 16 CIV 5984 (PGG) [internal quotation marks omitted]).
In this matter, defendant has a colorable argument that the provision of the agreements setting forth the extension based on water levels does not apply "day for day" to the delays. Rather, the text of the section and the other sections of the agreements give rise to a [*2]reasonable interpretation that the extension only applies to the extent that the low water levels push the completion of testing past the cut-off date for completion of the Critical Milestones. Moreover, there is no dispute that the tunnel collapse prevented water testing and supports defendant invoking its rights pursuant to the drawdown provision of the parties' agreement. As such, the court abused its discretion in finding that plaintiff had a likelihood of success to establish the material fraud exception here.
M-4325 - Stabag, SPA v CrÉdit Agricole CIB, et al. Motion to file amicus brief, granted.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023