*Weiss, et al. v. Cont'l Indem. Co.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand twenty-four.

PRESENT:
RICHARD C. WESLEY,
MICHAEL H. PARK,
*Circuit Judges*,
LEWIS J. LIMAN,
*District Judge*.*

_____

2939, LLC, DAVID WEISS, LINDA WEISS, INDUSTRIA SUPERSTUDIO OVERSEAS, INC., INDUSTRIA GROUP, LLC, INDUSTRIA @ SEA, INC., BORGO GUGLIELMO, LLC, MASSACHUSETTS BAY INSURANCE COMPANY,

*Plaintiffs-Appellants*,

v.                                                            23-7466

_____

\* Judge Lewis J. Liman, of the United States District Court for the Southern District of New York, sitting by designation.

CONTINENTAL INDEMNITY COMPANY,

*Defendant-Appellee.*[†]

FOR PLAINTIFFS-APPELLANTS:    SIM R. SHAPIRO, Strikowsky Drachman & Shapiro, PLLC, New York, N.Y.

FOR DEFENDANT-APPELLEE:    STEVEN M. ROSATO (Anthony P. Coles & Shand S. Stephens, *on the brief*), DLA Piper LLP, New York, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kovner, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**, and this case is **REMANDED** for further proceedings.

Appellants 2939, LLC; David Weiss; Linda Weiss; Industria Superstudio Overseas, Inc.; Industria Group, LLC; Industria @ Sea, Inc.; Borgo Guglielmo, LLC; and Massachusetts Bay Insurance Company appeal from the district court's dismissal of their complaint on claim preclusion grounds. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to vacate and remand.

---

[†] The Clerk of Court is respectfully directed to amend the caption accordingly.

Ri Xian Wang suffered a spinal cord injury while working at a construction site owned by some of the Appellants. Wang sued them in the Supreme Court of New York for Kings County in 2016, and they then filed a third-party complaint against Wang's purported employer, Bulson Management LLC ("Bulson"), for contribution and indemnity. Bulson turned to its insurer, Continental Indemnity Company ("Continental") for a defense and possible indemnification.

In May 2020, while that state action was ongoing, Continental sued Bulson in the United States District Court for the Southern District of New York (Furman, J.), arguing that Bulson had failed to disclose Wang as an employee on its payroll, in violation of its policy with Continental. *See Cont'l Indem. Co. v. Bulson Mgmt., LLC*, No. 20-CV-3479 (JMF) (S.D.N.Y.). Continental claimed breach of contract, fraud, and unjust enrichment, and sought a declaratory judgment that it need not cover the third-party claims brought against Bulson in the state action. When Bulson failed to appear, Continental moved for default judgment. Appellants, however, moved to intervene.

In November 2020, the district court denied Appellants' intervention motion, reasoning that their interest in Bulson's ability to satisfy a potential judgment in the ongoing state action was then too contingent to justify their intervention. The district court reasoned that Appellants' interest "depend[ed] on two contingencies"—both the success of Wang's claims against Appellants, and Appellants' third-party claims against Bulson. App'x 154 (citation omitted). The district court granted Continental's motion

3

for default judgment against Bulson, declaring that Continental did not owe any duty to defend or indemnify Bulson in the state action and that Bulson was liable to Continental for fraud, breach of contract, and unjust enrichment.

A month later, Appellants sued Continental for breach of contract, claiming that Continental violated its policy with Bulson by failing to defend and indemnify Bulson in the state action, and sought a declaratory judgment that Continental must do so. Continental removed the action to the United States District Court for the Eastern District of New York (Kovner, J.), and moved to dismiss Appellants' complaint, arguing that the claims were precluded by Continental's default judgment against Bulson in the S.D.N.Y. action.

In 2023, while Appellants' E.D.N.Y. action remained pending, New York Supreme Court for Kings County awarded judgment to Wang and his wife against Appellants for $21,000,000 in damages. Supreme Court also awarded judgment to Appellants, on their third-party claims for common-law and contractual indemnification from Bulson.

In the E.D.N.Y. action, the district court subsequently granted Continental's motion to dismiss Appellants' complaint. Although Appellants were not parties to the contract between Continental and Bulson, the district court recognized that New York Insurance Law § 3420 permits a party who has obtained a judgment against an insured to bring action against the insurer upon a liability insurance policy to enforce a right of contribution or indemnity. However, because Appellants' § 3420 action was based on

4

Continental's obligation to insure Bulson, the district court concluded that Continental's declaratory judgment to the contrary precluded Appellants' claims.

"We review *de novo* both a district court's dismissal of a complaint and its ruling on preclusion." *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 507 (2d Cir. 2019). "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). "For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Id.* at 891 n.4 (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–08 (2001)).

However, both federal and state law of preclusion is "subject to due process limitations." *Id.* at 891; *see Richards v. Jefferson Cnty.*, 517 U.S. 793, 797 (1996). "A person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit." *Taylor*, 553 U.S. at 892. Therefore, the "general rule [is] that 'one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" *Id.* at 893 (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)). But there are exceptions, including in circumstances of "pre-existing substantive legal relationships," or, "in certain limited circumstances," when a nonparty is "adequately represented by someone with the same interests who was a party." *Id.* at 894 (internal quotation marks and citations omitted).

5

The district court's dismissal of Appellants' complaint was error. First, we do not find support in New York's rules of preclusion for the district court's conclusion that Continental's default judgment against Bulson had claim-preclusive effect as to Appellants' § 3420 action. Under New York law, issue preclusion is "generally not available where the judgment in the prior action was obtained on default." *Matter of Abady*, 22 A.D.3d 71, 84 (1st Dep't 2005) (*per curiam*) (citation omitted); *see also Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 456–57 (1985). The district court therefore relied on claim preclusion. But the district court did not identify a case in which a New York court has reasoned that a default judgment against one party had preclusive effect against a *different* party. Indeed, New York courts have ruled to the contrary. *See, e.g., Zimmerman v. Tower Ins. Co. of N.Y.*, 13 A.D.3d 137, 138–40 (1st Dep't 2004); *Am. Motorists Ins. Co. v. N. Country Motors*, 57 A.D.2d 158, 160 (3d Dep't 1977).

The district court relied on *D'Arata v. New York Central Mutual Fire Insurance Company*, 76 N.Y.2d 659 (1990). But *D'Arata* did not consider the preclusive effect of a default judgment; nor did it discuss claim preclusion. In *D'Arata*, the insured testified in a criminal proceeding that he was the victim of an intentional shooting and was held to be precluded from claiming in a later action against the insurer that the shooting was unintentional. *Id.* at 667. The New York Court of Appeals, applying the "rules of estoppel," meaning issue preclusion, emphasized that the relevant issue had been fully litigated and necessarily decided in the prior proceeding and that applying collateral

6

estoppel reflected "general concepts of fairness" given the particular facts of the case. *Id.* at 666–67; *see also Taylor*, 553 U.S. at 892 n.5 ("[I]ssue preclusion encompasses the doctrines once known as 'collateral estoppel' and 'direct estoppel.'"). This holding does not support the application of claim preclusion based on the insured's default in a proceeding where he did not appear and no one was present to represent the claimant's interests.

Second, as a matter of due process, this case fails to satisfy an exception to the "rule against nonparty preclusion." *Taylor*, 553 U.S. at 893. "[N]onparty preclusion may be justified based on a variety of *pre-existing* substantive legal relationships between the person to be bound and a party to the judgment," such as relationships between "preceding and succeeding owners of property" or "assignee and assignor." *Id*. at 894 (internal quotation marks and citation omitted) (emphasis added). "The substantive legal relationships justifying preclusion are sometimes collectively referred to as 'privity.'" *Id*. at 894 n.8. This category of exception originated "from the needs of property law." *Id*. at 894 (citation omitted). Here, the district court concluded that nonparty preclusion was proper because "the inevitable consequence" of proceeding under § 3420 is that the plaintiff is in "privity" with the insured. *2939, LLC v. Cont'l Indem. Co.*, No. 21-CV-729 (RPK) (RML), 2023 WL 7173865, at *5 (E.D.N.Y. Sept. 21, 2023) (citation omitted).

The district court was correct insofar as Appellants and Bulson presently have a legal relationship under § 3420. But the district court did not confirm that this relationship existed at the time of the purportedly preclusive S.D.N.Y. action. Section 3420 permits suit against an insurer by "any person who . . . has *obtained a judgment* against the insured." N.Y. Ins. Law § 3420(b)(2) (emphasis added). Therefore, the legal relationship between Appellants and Bulson did not arise under § 3420 until the Appellants were awarded judgment against Bulson in the state action, which came *after* Continental's default judgment against Bulson in the S.D.N.Y. action. This is precisely why Appellants were denied intervention in the S.D.N.Y. action—at that point, Appellants had no judgment against Bulson; their legal interests in Bulson's right to coverage remained contingent. If Appellants had in fact been in privity with Bulson at that time because a judgment had been rendered in their favor in the state action, they would have been permitted to intervene in the S.D.N.Y. action to protect their interests. In sum, the present § 3420 relationship between Appellants and Bulson was not sufficiently "pre-existing" or originating in "the needs of property" such that the "privity" exception to nonparty claim preclusion was satisfied. *Taylor*, 553 U.S. at 894; *see also Matter of People v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 123 (2008) (emphasizing that "privity is not susceptible to a hard-and-fast definition" and courts "must determine whether the severe consequences of preclusion flowing from a finding of privity strike a fair result under the circumstances").

8

Finally, the district court also concluded that Appellants failed to state a claim, because apart from claim preclusion, their rights under § 3420 could be no greater than the insured debtor. The district court reasoned that because Bulson, pursuant to the default judgment, had no right to defense or indemnification from Continental, neither did Appellants. This reasoning was flawed insofar as it conflated Bulson's rights as an insured with the judicial determination of those rights. Whether Appellants may recover depends on Bulson's rights as an insured, but a judicial determination of those rights is only binding if principles of preclusion so dictate. Otherwise, Appellants must have their own "full and fair opportunity" to litigate the issues. *Taylor*, 553 U.S. at 892. The district court's ruling effectively gave issue-preclusive effect to a default judgment, which is error. *See In re Abady*, 22 A.D.3d at 84; *see also Kaufman*, 65 N.Y.2d at 456–57. Recovery by Appellants in this action would exceed Bulson's rights under the terms of the default judgment, but not necessarily under the terms of Bulson's policy with Continental. The default judgment did not "actually litigat[e]" whether Continental was required to defend and indemnify Bulson under the policy. *See Kaufman*, 65 N.Y.2d at 456–57; *Zimmerman*, 13 A.D.3d at 140.

*          *          *

For the foregoing reasons, the judgment of the district court is **VACATED**, and this case is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court