■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MANINO, Appellant. [761 NYS2d 851] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered June 12, 2000, convicting him of robbery in the first degree and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant moved to suppress a knife seized during a search of his home. The Supreme Court denied his request for a hearing, concluding that he was collaterally estopped from relitigating the issue of the admissibility of the knife based on a prior ruling in a Queens County criminal proceeding which purportedly determined that the defendant's wife consented to the search. The defendant correctly contends that the court erred in applying the doctrine of collateral estoppel because the issue of consent was not necessarily decided in the Queens County proceeding (*see Matter of Juan C. v Cortines*, 89 NY2d 659, 667 [1997]; *People v Aguilera*, 82 NY2d 23, 29-30 [1993]). However, remittal for a hearing is not required because any error in admitting the knife was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230 [1975]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Prudenti, P.J., Altman, Smith and Adams, JJ., concur.