■ Sonia Ewers, Respondent, v Columbia Heights Realty, LLC, et al., Defendants, and Walter Gorman, Appellant. [844 NYS2d 45]—

In an action, inter alia, to recover damages for discrimination in housing on the basis of sex in violation of, among other things, Executive Law § 296 (5), the defendant Walter Gorman appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated June 5, 2006, which, inter alia, denied that branch of his motion which was for summary judgment dismissing so much of the seventh cause of action as sought to recover

damages for sexual harassment based on a theory of quid pro quo and, in effect, denied, as academic, that branch of his motion which was to dismiss so much of the seventh cause of action as sought to recover damages for sexual harassment based upon a theory of hostile housing environment.

Ordered that the order is modified, on the law, by deleting the provision thereof which, in effect, denied, as academic, that branch of the defendant Walter Gorman's motion which was for summary judgment dismissing so much of the seventh cause of action as sought to recover damages for sexual harassment based upon a theory of hostile housing environment and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In a housing context, quid pro quo sexual harassment "arises when the terms and conditions of a rental, including continued occupancy, rent and the furnishing of services such as repairs, are conditioned upon compliance with the landlord's sexual demands" (*Matter of State Div. of Human Rights v Stoute,* 36 AD3d 257, 264 [2006]). "[T]o make out a quid pro quo or conditioned tenancy claim, the tenant must show that the landlord either (1) conditioned any of the terms, conditions or privileges of tenancy on submission to his sexual requests or (2) deprived a tenant of any of the terms, conditions or privileges of tenancy because [he or] she refused to accede to those requests" (*Grieger v Sheets,* 1989 WL 38707, *3, 1989 US Dist LEXIS 3906, *9-10 [ND Ill, Apr. 10, 1989]).

Here, the appellant failed to establish his prima facie entitlement to judgment as a matter of law with respect to the plaintiff's claim to recover damages based upon a theory of quid pro quo sexual harassment (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied that branch of the appellant's motion which was for summary judgment dismissing that claim.

However, the Supreme Court improperly, in effect, denied, as academic that branch of the appellant's motion which was for summary judgment dismissing the claim to recover damages for sexual harassment based upon a theory of hostile housing environment. Based upon our review of the record, we will now determine that branch of the appellant's motion, in the interest of judicial economy. "To prevail on a hostile housing environment theory, it must be shown that (1) the complainant is a member of a protected group, (2) he or she was subjected to unwelcome and extensive sexual harassment, in the form of sexual advances, requests for sexual favors, and other verbal or

physical conduct of a sexual nature, which were not solicited or desired by the complainant, and which were viewed as undesirable or offensive, (3) such harassment was based on the complainant's sex, (4) such harassment affected a term, condition, or privilege of housing, and (5) if vicarious liability is claimed, the complainant must show that the owner knew or should have known about the harassment and failed to remedy the situation promptly" (*Matter of State Div. of Human Rights v Stoute,* 36 AD3d at 265). In considering a theory of hostile housing environment sexual harassment, "courts have held that 'isolated' and 'innocuous' incidents do not support a finding of sexual harassment" (*id.* at 264, quoting *DiCenso v Cisneros,* 96 F3d 1004, 1008 [1996]).

In support of that branch of his motion which was for summary judgment dismissing the claim to recover damages based upon a theory of hostile housing environment sexual harassment, the appellant demonstrated that the alleged incidents of harassment were not sufficiently severe or pervasive to create a hostile housing environment, and thus made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact. Rivera, J.P., Ritter, Florio and Fisher, JJ., concur.