LARAINE SALVATORE, Respondent, v BOARD OF EDUCATION OF MINEOLA UNION FREE SCHOOL DISTRICT, Appellant. [933 NYS2d 603]—

The Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (1), (4) and (5) to dismiss the complaint based on documentary evidence, pendency of another action, res judicata, and collateral estoppel, since the plaintiff's current claim was not, and could not properly have been, before the court that determined the CPLR article 78 proceeding in question (*see* CPLR 3211 [a] [1], [4], [5], [7]; 7806; *Matter of Hunter*, 4 NY3d 260, 269 [2005]; *People v Evans*, 94 NY2d 499, 502 [2000]; *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349-350 [1999]; *People v Manino*, 306 AD2d 541, 542 [2003]). Likewise, the doctrine of law of the case was inapplicable (*see People v Evans*, 94 NY2d at 502).

Nevertheless, the Supreme Court erred in denying that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. Even affording the complaint a liberal construction, accepting all facts alleged in the complaint to be true, and according the plaintiff the benefit of every possible inference, the facts alleged do not fit within any cognizable legal theory (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 125 [2009], *affd* 16 NY3d 775 [2011]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *Smith v Meridian Tech.,*

*Inc.*, 52 AD3d 685, 686 [2008]). We reject the plaintiff's contention that, under the circumstances alleged, the defendant had a fiduciary duty to her arising from the alleged scope of an insurance policy it obtained (*cf. EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d at 19). Dillon, J.P., Balkin, Leventhal and Belen, JJ., concur.