In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered September 20, 2011, as, upon renewal, granted those branches of the defendants’ motion which were to vacate its prior order dated July 27, 2010, denying the defendants’ motion for summary judgment dismissing the complaint as time-barred, and thereupon grant the defendants’ motion for summary judgment dismissing the complaint as time-barred.
Ordered that the order is affirmed insofar as appealed from, with costs.
The defendants made a prima facie showing of entitlement to *881 judgment as a matter of law by demonstrating, through the submission of, inter alia, the plaintiffs bill of particulars, that the action was not commenced until after the expiration of the two-year-and-six-month statute of limitations applicable to medical malpractice actions (see CPLR 214-a; Gomez v Katz, 61 AD3d 108, 113 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled under the continuous treatment doctrine (see Cox v Kingsboro Med. Group, 88 NY2d 904, 906 [1996]). The two phone calls between the plaintiff and the defendant physician, Alfred Kohan, did not demonstrate that the plaintiff was undergoing an actual course of treatment from Kohan, or that the plaintiff and Kohan contemplated future treatment (see Gomez v Katz, 61 AD3d at 112-113). Rather, the evidence established that by the time of these calls the plaintiff was being treated for his medical condition, and the infection that allegedly arose from Kohan’s treatment of the plaintiffs medical condition, by another physician.
Accordingly, upon renewal, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint as time-barred.
Mastro, J.E, Chambers, Hall and Lott, JJ., concur.