■ JOHN CURLEY, Appellant, v BON AIRE PROPERTIES, INC., et al., Respondents, et al., Defendants. [2 NYS3d 571]—

In an action, inter alia, to recover damages for housing discrimination based on disability in violation of Executive Law § 296 (5), the plaintiff appeals from an order of the Supreme Court, Rockland County (Loehr, J.), dated January 8, 2013, which granted the motion of the defendants Bon Aire Properties, Inc., and ARCO Management Corp. for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Bon Aire Properties, Inc., and ARCO Management Corp. for summary judgment dismissing the complaint insofar as asserted against them is denied.

The defendant Bon Aire Properties, Inc. (hereinafter Bon Aire), is a cooperative corporation that owns an apartment building which is managed by the defendant ARCO Management Corp. (hereinafter ARCO and, together with Bon Aire, the landlords). The plaintiff lived in an apartment in the building as a shareholder under a proprietary lease. In June 2008, Bon Aire notified the plaintiff that he was in breach of the proprietary lease because he had not installed carpeting or rugs on 90% of certain areas of his apartment and had not allowed entry into his apartment for the installation of certain equipment necessary for Verizon FIOS service. Thereafter, in January 2009, Bon Aire commenced a summary proceeding against the plaintiff seeking to recover possession of the apartment on the ground that the plaintiff had violated his proprietary lease by failing to cover at least 90% of certain areas of his apartment with carpeting or rugs. A final judgment was entered in that proceeding awarding possession of the apartment to Bon Aire, and that final judgment was affirmed on appeal to the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts (*see Bon Aire Props., Inc. v Curley*, 30 Misc 3d

137[A], 2011 NY Slip Op 50196[U] [2011]). The plaintiff was evicted from the apartment on April 14, 2009.

On or about July 9, 2010, the plaintiff commenced the instant action, inter alia, to recover damages for housing discrimination based upon his disability. The plaintiff alleged that he suffers from depression, which is a "disability" as that term is defined in Executive Law § 292 (21), and that he receives Social Security Disability Insurance benefits for his depression. He alleged that, after the landlords learned that he suffered from a mental illness, they embarked on a "campaign of harassment, discrimination and hostile conduct" for the purpose of creating a hostile environment so as to induce him to leave his apartment. Such conduct allegedly included selective enforcement of house rules against him. The plaintiff also alleged that the landlords responded to his concerns about security and safety issues in the building with deprecating comments relating to his disability, such as, "Go take your medicine," "Maybe there are other places you could live that better cater to crazy people," and, "Other residents don't like having a mentally disabled person living among them." He alleged that these actions caused "substantial and extensive personal injuries, as well as a loss of reputation and esteem in the community" in violation, inter alia, of Executive Law § 296 (5).

The landlords moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that it previously had been determined in the summary proceeding that Bon Aire evicted the plaintiff for a legitimate, nondiscriminatory reason, and that the instant action was merely an attempt by the plaintiff to relitigate the propriety of his eviction. The plaintiff, in opposition, asserted that he was challenging a pattern of harassment over a period of several years. In an affidavit, he stated that, as part of the campaign of harassment, he was denied the right to pay his rent at ARCO's office. He further averred that the carpet rule was not enforced against three other tenants of his building.

The Supreme Court granted the landlords' motion for summary judgment dismissing the complaint insofar as asserted against them on the ground of collateral estoppel, noting that it previously had been determined in the summary proceeding that the plaintiff "was in breach of the lease and that was the basis for the eviction." We reverse.

"The doctrine of collateral estoppel . . . precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or

causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *see Buechel v Bain*, 97 NY2d 295, 303 [2001]). "The two elements that must be satisfied to invoke the doctrine of collateral estoppel are that (1) the identical issue was decided in the prior action and is decisive in the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to contest the prior issue" (*Luscher v Arrua*, 21 AD3d 1005, 1007 [2005]; *see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]). "Preclusive effect, however, will only be given where the particular issue was 'actually litigated, squarely addressed and specifically decided' " (*Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C.*, 97 AD3d 716, 717-718 [2012], quoting *Ross v Medical Liab. Mut. Ins. Co.*, 75 NY2d 825, 826 [1990]). "Generally, for 'a question to have been actually litigated' so as to satisfy the identity requirement, it 'must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding' " (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 667 [1990], quoting *Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261, 268 [1988]).

Here, while the Supreme Court and the landlords characterize the instant action as one to recover damages for "wrongful eviction," that is not the essence of the plaintiff's claim. Rather, the complaint alleges that, upon learning that the plaintiff suffered from a mental illness, the defendants engaged in a course of "harassment, discrimination and hostile conduct" against him that spanned several years and predated the decision to enforce the rule pertaining to carpeting of the floor against him. The prior summary proceeding did not decide whether the plaintiff was subjected to harassment based on his mental illness, whether such harassment affected a term, condition, or privilege of his housing, or any other elements of his cause of action to recover damages for housing discrimination based on disability in violation of Executive Law § 296 (5) (*see Ewers v Columbia Hgts. Realty, LLC*, 44 AD3d 608, 610 [2007]; *Matter of State Div. of Human Rights v Stoute*, 36 AD3d 257, 265 [2006]).

The landlords' remaining contentions are without merit.

Since the landlords failed to establish, prima facie, their entitlement to judgment as a matter of law, it is unnecessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court erred in granting the landlords' motion for summary judgment dismissing the complaint insofar as asserted against them. Hall, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.