■ Andrew Thomson, Appellant, v New World Bible Translation Committee et al., Respondents. [4 NYS3d 543]—

In an action to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated March 6, 2014, which granted the defendants' motion, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff commenced an action against the defendants alleging, inter alia, breach of contract and fraud. By order dated April 3, 2013, the Supreme Court granted that branch of

the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint in that action for failure to state a cause of action. Thereafter, the plaintiff commenced this action, alleging essentially the same breach of contract and fraud causes of action. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint in this action for failure to state a cause of action. In the order appealed from, the Supreme Court granted the defendants' motion.

The Supreme Court correctly determined that the complaint failed to state a cause of action. When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Nonnon v City of New York*, 9 NY3d 825, 825 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Here, accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, the facts as alleged do not fit within any cognizable legal theory.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.