■ XIU JIAN SUN, Appellant, v WUHUA JING, M.D., PH.D., et al., Respondents. [24 NYS3d 395]—In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (O'Donoghue, J.), dated November 18, 2013, which granted the motion of the defendant Dustin T. Nguyen, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, and granted the motion of the defendant Wuhua Jing for summary judgment dismissing the complaint insofar as asserted against him, (2) a judgment of the same court entered February 26, 2014, which, upon the order, is in favor of defendant Wuhua Jing and against him, dismissing the complaint insofar as asserted against that defendant, and (3) a judgment of the same court entered March 25, 2014, which, upon the order, is in favor of the defendant Dustin T. Nguyen and against him, dismissing the complaint insofar as asserted against that defendant. The notice of appeal from the order is deemed also to be a notice of appeals from the judgments (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated upon the entry of the judgments in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the judgments (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted that branch of the motion of the defendant Dustin T. Nguyen which was for summary judgment dismissing the complaint insofar as asserted against him as time-barred, and properly granted that branch of the motion of the defendant Wuhua Jing which was for summary judgment dismissing the complaint insofar as asserted against him as time-barred. In support of their respective motions, the defendants each established, prima facie, that this action, insofar as asserted against each of them, is barred by the statute of limitations applicable to a medical malpractice

cause of action (*see* CPLR 214-a). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled or was otherwise inapplicable (*see Ross v Jamaica Hosp. Med. Ctr.*, 122 AD3d 607 [2014]; *Adams v Kohan*, 105 AD3d 880, 880-881 [2013]).

Furthermore, to the extent that the factual allegations in the complaint can be construed to assert claims that are not predicated upon medical malpractice, the complaint failed to state a cause of action (*see* CPLR 3211 [a] [7]). Affording the complaint a liberal construction, accepting the facts alleged as true, and according the plaintiff the benefit of every possible favorable inference, as the court is required to do, the facts as alleged do not fit within any cognizable legal theory, apart from the time-barred claim for medical malpractice (*see Law Offs. of Thomas F. Liotti v Felix*, 129 AD3d 783 [2015]; *Thomson v New World Bible Translation Comm.*, 127 AD3d 731 [2015]; *Salvatore v Board of Educ. of Mineola Union Free School Dist.*, 89 AD3d 1078 [2011]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Rivera, Leventhal and Duffy, JJ., concur.