■ M. KAMINSKY & M. FRIEDBERGER, Doing Business as GEM REALTY CORP., Respondent, v CEDRIC WILSON, Appellant. [52 NYS3d 636]—

In an action to recover possession of real property, the defendant appeals from so much of an order of the Supreme Court, Kings County (Garson, J.), dated March 26, 2003, as granted the plaintiff's cross motion to recover the amount of

rent collected by the defendant from subtenants since the conclusion of the trial in this action.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff leased certain real property to the defendant under a commercial lease. After the lease expired, the plaintiff commenced this action to evict the defendant, alleging that the property was being used as a residence and the defendant had not paid rent in several years. A nonjury trial was held in April 2002, after which the Supreme Court found that the plaintiff had known of the defendant's residential occupancy for some time, and that the defendant profited from subletting the premises and paying no rent. Thus, the court found that both parties came to court with unclean hands. The court granted possession of the premises to the plaintiff, directing that the premises be reverted to commercial use, and declined to award any monetary damages to the plaintiff because of its failure to comply with applicable residential laws and regulations.

The defendant then moved for a stay of eviction, and the plaintiff cross-moved to recover the amount of rent collected by the defendant from his subtenants since the conclusion of the trial. In an order dated March 26, 2003, the Supreme Court denied the defendant's motion and granted the plaintiff's cross motion. The defendant appeals from so much of the order as granted the plaintiff's cross motion.

The defendant contends that the Supreme Court erred in granting a monetary award to the plaintiff in the March 26, 2003, order, because the court determined after the April 2002 trial that the plaintiff was not entitled to a monetary award. Contrary to the defendant's contentions, the monetary award granted to the plaintiff in the March 26, 2003, order is not barred by res judicata, collateral estoppel, or the doctrine of law of the case.

A party seeking to apply res judicata must demonstrate that the issue in the present action was decided in a prior action and that the party against whom preclusion is sought was afforded a full and fair opportunity to contest the issue (see Luscher v Arrua, 21 AD3d 1005 [2005]). Similarly, the application of collateral estoppel requires a showing that the particular issue was actually litigated, squarely addressed, and specifically decided in a prior proceeding (see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]; Curley v Bon Aire Props., Inc., 124 AD3d 820 [2015]). The doctrine of law of the case seeks to prevent relitigation of issues already determined at an earlier stage of the action, and thus applies

to bind courts of co-ordinate jurisdiction to determinations which previously resolved such issues on the merits (*see Hampton Val. Farms, Inc. v Flower & Medalie*, 40 AD3d 699 [2007]; *Messinger v Messinger*, 16 AD3d 562 [2005]).

Here, the defendant has not shown that the issue before the Supreme Court on the plaintiff's cross motion was identical either to an issue in a prior action between the parties or an issue before the court in this action. Accordingly, the defendant failed to demonstrate that res judicata, collateral estoppel, or the doctrine of law of the case barred the court from granting the plaintiff's cross motion (*see generally Salvatore v Board of Educ. of Mineola Union Free School Dist.*, 89 AD3d 1078, 1078 [2011]). Dillon, J.P., Roman, Cohen and Miller, JJ., concur.