Island Life Chiropractic Pain Care, PLLC, as Assignee of Itoje, Akanama, Appellant,
against
Allstate Insurance Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Peter C. Merani, P.C. (Eric M. Wahrburg of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered July 8, 2016. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is denied.
Plaintiff commenced this action to recover first-party no-fault benefits for services it had provided to its assignor, who had purportedly been injured in a motor vehicle accident on March 6, 2012. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff's action is barred by the doctrine of collateral estoppel, based upon prior orders of the Civil Court, Queens County, entered in two separate actions and on the further ground that defendant did not have a policy of insurance which covered plaintiff's assignor on the date of the accident. Plaintiff opposed the motion. By order entered July 8, 2016, the Civil Court granted the motion, finding that plaintiff is collaterally estopped from proceeding in this action, and the court dismissed the complaint with prejudice.
In support of its motion, defendant annexed the prior orders of the Civil Court, Queens County, which stated, insofar as is relevant, that defendant had established that there was no coverage "at the time of the accident in question, as the policy was cancelled for nonpayment effective 2/28/12." Although defendant's attorney asserted in an affirmation in support of the [*2]motion at bar that the "orders were rendered on motions that contained almost identical facts and evidence as presented herein," neither order stated the date of the accident at issue before that court, and defendant did not annex the respective complaints or underlying motion papers. We also note that the present plaintiff, Island Life Chiropractic Pain Care, PLLC, was not a party to either of the Civil Court, Queens County, actions, as those actions had been commenced by Island Life Chiropractic, P.C. and Tam Medical Supply Corp., respectively. 
A party seeking to invoke collateral estoppel must demonstrate "that the particular issue was actually litigated, squarely addressed, and specifically decided in a prior proceeding" (M. Kaminsky & M. Friedberger v Wilson, 150 AD3d 1094, 1095 [2017]; see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659 [1990]). In the case at bar, defendant's submission in support of its motion for summary judgment of copies of the two orders of the Civil Court, without more, was, under the circumstances presented, insufficient to show that plaintiff was attempting to relitigate the same issue which had been raised in the prior actions (see Triboro Quality Med. Supply, Inc. v State Farm Mut. Auto Ins. Co., 36 Misc 3d 131[A], 2012 NY Slip Op 51289[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Consequently, defendant failed to demonstrate its entitlement to summary judgment based upon the doctrine of collateral estoppel. 
Defendant also argued that, even if the court did not find that defendant had established its lack of coverage defense through collateral estoppel, the evidence it submitted in support of its present motion was, in any event, sufficient to establish the defense. To establish a lack of coverage, defendant was required to demonstrate that the applicable policy had been validly cancelled (see Delta Diagnostic Radiology, P.C. v Allstate Ins. Co., 48 Misc 3d 138[A], 2015 NY Slip Op 51216[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see generally Great Health Care Chiropractic, P.C. v Infinity Group, 50 Misc 3d 144[A], 2016 NY Slip Op 50257[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). However, defendant failed to prove the mailing of a cancellation letter in accordance with New York law (see Vehicle and Traffic Law § 313 [1] [a]) or, contrary to what defendant asserted for the first time in a reply affirmation in the Civil Court, in accordance with Connecticut law (see Conn. Gen. Stat. § 38a-343 [a]). Consequently, defendant failed to demonstrate that the insurance policy had been validly cancelled. 
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is denied. 
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 22, 2018