135 Evergreen Corp., Appellant,
against
Mario Delvalle and Dulce Delvalle, Respondents.




Jeanette Malaty, Esq., for appellant.
Brooklyn Legal Services Corp. A (Christopher Sina, Leander McRae and Martin S. Needleman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Frances A. Ortiz, J.), dated May 22, 2017. The order granted tenants' motion to dismiss the petition in a holdover summary proceeding.




ORDERED that the order is affirmed, without costs.
In this holdover proceeding, the petition alleges that the subject apartment is not rent regulated because it is within a building containing fewer than six residential units—specifically, a three-family dwelling. Tenants moved to dismiss the petition pursuant to CPLR 3211 (a) (1) and (7), alleging that there are six apartments in the building, including one in the basement, making the building subject to rent stabilization. Tenants submitted a petition, notice of termination and stipulation of settlement from a 2013 holdover proceeding in which landlord's predecessor had sought to recover possession of the basement. The documents, among other things, refer to the basement as an apartment and the occupant as a tenant, and base the proceeding on the termination of the tenancy. Tenants also submitted photographs of six mailboxes for the building and pieces of mail addressed to the basement apartment at the address for the building, as well as an affidavit, based on personal knowledge, alleging that there was a [*2]kitchen and bathroom in the basement apartment and identifying several former tenants who had resided there. Landlord submitted only an attorney's affirmation in opposition to tenants' motion, and records from the New York City Department of Housing Preservation and Development which demonstrate the existence of five legal units in the building, none of which are in the basement. The Civil Court granted the motion, and landlord appeals.
Landlord argues that the determination of a similar motion to dismiss a prior 2015 proceeding between the parties herein is dispositive based on the doctrines of res judicata or collateral estoppel. However, res judicata, or claim preclusion, requires a final adjudication on the merits (see Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912 [2016]; see also Matter of Hunter, 4 NY3d 260 [2005]), and a party seeking to invoke collateral estoppel, or issue preclusion, must demonstrate "that the particular issue was actually litigated, squarely addressed, and specifically decided in a prior proceeding" (M. Kaminsky & M. Friedberger v Wilson, 150 AD3d 1094, 1095 [2017]; see also D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659 [1990]). The issue of whether the building is rent stabilized was not decided by the order in the 2015 proceeding, and there was never any ultimate adjudication on the merits because the proceeding was dismissed on a technicality. 
Since landlord failed to rebut, on personal knowledge, any of the evidence submitted by tenants in support of their CPLR 3211 (a) (1) and (7) motion, landlord's other argument on appeal is similarly without merit. 
Accordingly, the order is affirmed. 
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2019